# United States Court of Appeals
## For the First Circuit

Nos. 09-1489, 09-1791

WILLIAM COONS,

Plaintiff, Appellant,

v.

INDUSTRIAL KNIFE COMPANY, INC.,

Third-Party Defendant/Fourth-Party Plaintiff, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Marianne B. Bowler, U.S. Magistrate Judge]

Before

Torruella, Lipez and Howard, Circuit Judges.

Michael T. Eskey, with whom DeLuca & Weizenbaum Ltd. was on brief, for appellant.
Todd B. Gordon, with whom Stephen F. Gordon and The Gordon Law Firm LLP were on brief, for Industrial Knife Company.

September 10, 2010

**LIPEZ, Circuit Judge**. William Coons appeals from the district court's order under Federal Rule of Civil Procedure 59(e), which reversed, on statute of limitations grounds, a $328,000 judgment in his favor against appellee Industrial Knife Company. He also appeals from the district court's award of attorney's fees and expenses to Industrial Knife in connection with his untimely designation of expert witnesses. We affirm both the judgment for Industrial Knife and the award of attorney's fees.

## I.

Coons commenced this diversity action on September 29, 2003, exactly three years after he suffered a serious hand injury while changing an industrial paper-cutting knife ("the C-700 knife") at his place of employment. He alleged in the complaint that A.F. Chapman Corporation manufactured and distributed the C-700 knife and was liable for his injuries under various state law product liability theories. Over a year later, on October 18, 2004, A.F. Chapman requested leave to file a third-party claim for contribution against Industrial Knife, citing "recent pre-trial discovery" revealing that Industrial Knife was the actual manufacturer and/or distributor of the C-700 knife. Leave was granted, and Industrial Knife filed an answer on January 21, 2005, denying that it manufactures knives but acknowledging that it might have supplied or distributed the C-700 knife.

Industrial Knife then filed its own third-party complaint against another member of the knife supply chain, Heritage Knife Company, which in turn filed cross-claims against the other defendants. After the dust settled, Coons moved for leave to amend his original complaint on May 5, 2005, to add claims against Industrial Knife and Heritage Knife. The district court allowed the unopposed request to amend, and Industrial Knife filed an answer asserting the statute of limitations as one of its affirmative defenses.

Nearly two years later, Industrial Knife and Heritage Knife filed a joint "motion to dismiss" raising the statute of limitations defense. The district court denied that motion as untimely, noting that the deadline for filing dispositive pre-trial motions had passed months earlier. The case against Industrial Knife and Heritage Knife then went to trial before a jury.[1] At the close of Coons's case, the defendants moved for judgment as a matter of law, invoking the statute of limitations. The district court denied that motion without prejudice, remarking that the motion could be "renewed after all the evidence. Then we can spend as much time as we need." The motion was not renewed before the jury retired to deliberate. The jury returned a verdict finding

---

[1] A.F. Chapman was dismissed from the case by stipulation of the parties. By the parties' consent, the trial was held before a magistrate judge.

-3-

Industrial Knife liable and Heritage Knife not liable, and awarding Coons $350,000 in compensatory damages.

The district court entered judgment against Industrial Knife in the amount of $328,247.08, which reflected an adjustment for Coons's comparative negligence and the addition of pre-judgment interest. Industrial Knife filed a motion under Federal Rule of Civil Procedure 59(e) within the then-applicable ten-day time limit, arguing that the judgment could not stand because Coons's claims against Industrial Knife were time-barred. In response to the motion, the district court issued a thoughtful and comprehensive opinion in which it concluded that Industrial Knife's statute of limitations defense was indeed meritorious. It consequently reversed and entered judgment for Industrial Knife. The district court also entered an order awarding Industrial Knife $6,886 in attorney's fees and $1,358 in expenses as a sanction for Coons's earlier untimely designation of expert witnesses. Coons appeals from the judgment and the award.

## II.

The principal question on appeal is whether the district court erred in entering judgment for Industrial Knife based on the statute of limitations, notwithstanding the jury's verdict for Coons. Before we can reach that question, however, we must address a threshold objection that Coons raises. He contends that Industrial Knife waived the statute of limitations defense by

-4-

failing to raise it through a timely pre-trial motion[2] or a renewed motion for judgment as a matter of law.

That argument is easily rejected as to the failure to file a timely pre-trial motion. With one narrow exception not applicable here, see Fed. R. Civ. P. 12(h)(1), a party does not waive a properly pleaded defense by failing to raise it by motion before trial. See McIntosh v. Antonino, 71 F.3d 29, 38 (1st Cir. 1995). Industrial Knife raised the limitations defense in its answer; no more was needed to preserve the issue for trial.

Coons's argument that the limitations defense was waived at trial because it was not raised in a renewed motion for judgment as a matter of law is likewise off the mark. It is true that a Rule 50(b) motion is the standard way to raise a limitations defense that has been rejected by the jury. See, e.g., Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 976 (1st Cir. 1991). It is not the only way to raise the issue, however. Rule 59(e), which was the basis for Industrial Knife's post-verdict motion, authorizes the correction of a "manifest error of law." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (internal citation and quotation marks omitted). As the Seventh Circuit has pointed out, "the entry of a judgment against the party that was entitled to judgment as a matter of law -- the predicate for

---

[2]    As noted, Industrial Knife and Heritage Knife filed a motion to dismiss well after the deadline for filing dispositive pre-trial motions had passed.

-5-

granting a motion for judgment notwithstanding the verdict -- could easily be thought a manifest error" that would justify amendment of the judgment under Rule 59(e).  Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998).

In any event, the district court noted as an alternative ground for its ruling that Industrial Knife's motion to alter or amend the judgment could be construed as a renewed motion for judgment as a matter of law because it was filed within the Rule 50(b) time limit[3] and contained all of the information required for a Rule 50(b) motion.  The district court was correct.  See Cosgrove, 150 F.3d at 732 (holding under similar circumstances that a motion styled as a Rule 59(e) motion could be treated as a Rule 50(b) motion).  Indeed, viewing Industrial Knife's motion through the lens of Rule 50(b) is more straightforward than taking the Rule 59(e) route, since it highlights the nature of the purported "manifest error of law," i.e., that it was unreasonable, on the evidence presented at trial, for the jury to reject the limitations defense.  Cf. Espada v. Lugo, 312 F.3d 1, 5 (1st Cir. 2002) (propriety of judgment as a matter of law depends upon whether the jury reasonably could have found that action was timely).  For that

---

[3]     At the time of trial, a Rule 50(b) motion had to be filed "[n]o later than 10 days after the entry of judgment," which was the same as the period for filing a Rule 59(e) motion.  See Fed. R. Civ. P. 50(b) (2007); Fed. R. Civ. P. 59(e) (2007).  The time period was recently extended to twenty-eight days for both rules. See Fed. R. Civ. P. 50(b) (2010); Fed. R. Civ. P. 59(e) (2010).

reason, we will treat Industrial Knife's motion as a Rule 50(b) motion. We emphasize, however, that the outcome is the same no matter how the motion is viewed.

The grounds for Industrial Knife's limitations defense are easily stated. Under Massachusetts law, Coons had to commence his action within three years after his cause of action accrued, which in this case was the date of his injury, September 29, 2000. See Mass. Gen. Laws ch. 260, § 2A; Cannon v. Sears, Roebuck & Co., 374 N.E.2d 582, 584 (Mass. 1978). He barely made it within that period for his claims against A.F. Chapman, filing his original complaint on September 29, 2003. However, he did not file the amended complaint asserting claims against Industrial Knife until May 2005, well outside the limitations period. The claims against Industrial Knife are thus time-barred as a matter of law unless the amended complaint "relates back" to the original complaint.[4] See Fed. R. Civ. P. 15(c).

When, as here, the plaintiff amends his complaint to add a state law claim against a new party, Rule 15(c) provides two ways in which the amended complaint can relate back to the original

---

[4] "Under the doctrine of relation back, an amended complaint can be treated, for purposes of the statute of limitations, as having been filed on the date of the original complaint." Pessotti, 946 F.2d at 975.

complaint.  Rule 15(c)(1)(C)[5] sets out a federal relation back test

with three essential requirements:

> First, the claim asserted against the
> newly-designated defendant must satisfy the
> terms of Rule 15(c)(1)(B), which provides that
> the claim must arise out of the conduct,
> transaction, or occurrence set out -- or
> attempted to be set out -- in the original
> pleading.
>
> Second, within the period provided by [Federal
> Rule of Civil Procedure] 4(m) for serving the
> summons and complaint, the party to be brought
> in by amendment must have received such notice
> of the action that it will not be prejudiced
> in defending on the merits.
>
> Third, it must appear that within the same
> time frame the newly-designated defendant
> either knew or should have known that the
> action would have been brought against it, but
> for a mistake concerning the proper party's
> identity.

Morel v. DaimlerChrysler AG, 565 F.3d 20, 26 (1st Cir. 2009)

(paragraph breaks added) (internal quotation marks and citations

omitted); see also Krupski v. Costa Crociere S.p.A., 130 S. Ct.

2485, 2493 (2010).

In addition to the federal test, Rule 15(c)(1)(A) allows

for relation back when "the law that provides the applicable

statute of limitations" -- in this case, Massachusetts law --

"allows relation back."  Fed. R. Civ. P. 15(c)(1)(A).  We have

described the choice between these two provisions as "a one-way

---

[5]    The subdivisions of Rule 15(c) were renumbered in 2007 but no substantive changes were made.  References in this opinion are to the current numbering scheme.

-8-

ratchet," meaning that a party is entitled to invoke the more permissive relation back rule, whether that is the state rule or the federal rule set out in Rule 15(c)(1)(C). <u>Morel</u>, 565 F.3d at 26; <u>see</u> <u>also</u> 3 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 15.19[1] (3d ed. & Supp. 2010) ("[I]f state law permits relation back when the federal rules would not, the more forgiving state rule controls.").

In its motion below, Industrial Knife set forth the timeline of events and made the obvious point that Coons filed his amended complaint more than three years after his cause of action accrued. Industrial Knife also anticipated that Coons might make a relation back counterargument. It contended that the amended complaint did not relate back to the original complaint under the federal test in Rule 15(c)(1)(C) because the notice requirement was not met. That is, Industrial Knife claimed that it received no notice of the action "within the period provided by Rule 4(m) for serving the summons and complaint," Fed. R. Civ. P. 15(c)(1)(C), which in this case was 120 days from the time the complaint was filed, Fed. R. Civ. P. 4(m). Either by design or through oversight, Industrial Knife did not discuss the possibility that Coons's amended complaint might relate back to the original complaint under Massachusetts law.

Coons, for his part, did not discuss Rule 15(c) in the district court at all. In his opposition to Industrial Knife's

motion, he staked out a categorical position grounded in Rule 14, which governs third-party practice:

> Plaintiff's motion to amend his complaint, filed in May 2005, clearly stated that the grounds upon which plaintiff sought to assert direct claims against Industrial and Heritage was based upon Rule 14(a). Rule 15, upon which defendant repeatedly relies, including the case law interpreting same, has absolutely no bearing whatsoever on the fact that plaintiff did not bring the defendants into the case until May 2005.[6]

The district court carefully considered the parties' arguments as they were presented. It first rejected Coons's Rule 14 argument, and rightly so. Rule 14(a)(3) delineates the circumstances in which a plaintiff may assert claims against a newly added third-party defendant, but it has nothing to say about whether such third-party claims are timely. See D'Onofrio Constr. Co. v. Recon Co., 255 F.2d 904, 910 (1st Cir. 1958) (noting that "Rule 14 does not purport to deal with the statute of limitations"); 6 Charles Alan Wright et al., Federal Practice & Procedure § 1459 (3d ed. 2010) ("The fact that [a] third party has been brought into the action does not revive any claims the original plaintiff may have had against the third party that should have been asserted earlier but have become unenforceable."). The

---

[6] Coons also argued that Industrial Knife waived the statute of limitations defense by not opposing his motion to amend the complaint. As we have already said, the defense was properly preserved by being asserted in Industrial Knife's answer.

question of timeliness is governed by the applicable statute of limitations, subject to the relation back doctrines of Rule 15(c).

The district court also agreed with Industrial Knife's federal relation back analysis, finding that Industrial Knife received no notice of the action within the time period prescribed in the rule.[7] We can find no fault with that decision.[8] Coons has pointed to nothing in the record to show that Industrial Knife received notice of any sort within the required time period. Indeed, Coons concedes on appeal that the state law test in Rule 15(c)(1)(A) is the "<u>only</u> provision" that can possibly save his claims.

---

[7] Rule 15(c)(1)(C) provides that the newly added party must have received notice "within the period provided by Rule 4(m) for serving the summons and complaint." Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

[8] We do note that several statements in the district court's opinion might no longer reflect the law in light of the Supreme Court's intervening decision in <u>Krupski</u> v. <u>Costa Crociere S.p.A.</u>, 130 S. Ct. 2485, 2493-96 (2010), which clarified the "mistake concerning the proper party's identity" prong of the federal relation back test. Because the notice issue disposes of the federal relation back argument, it is unnecessary to consider whether the district court's analysis of the "mistake concerning the proper party's identity" prong was correct in light of the <u>Krupski</u> decision.

We therefore turn to Rule 15(c)(1)(A), which Coons urges us to apply to his amended complaint. A substantial procedural hurdle stands between Coons and that provision. The district court expressly held that Coons forfeited the state law argument by failing to raise it in his opposition to Industrial Knife's post-judgment motion. That decision was well grounded in our precedent. We have frequently emphasized that judges are not obligated to do a party's work for him, "searching <u>sua sponte</u> for issues that may be lurking in the penumbra of the motion papers." <u>United States</u> v. <u>Slade</u>, 980 F.2d 27, 31 (1st Cir. 1992). This is particularly true where, as here, the undeveloped argument raises complexities that defy an easy answer.[9] <u>See</u> <u>Pessotti</u>, 946 F.2d at 977-78, 980 (discussing some of the difficulties that arise when a federal court is asked to apply Massachusetts relation back doctrines). Under the circumstances, the district court was "free to disregard" the state law argument that was not developed in Coons's brief below, and that argument cannot now be "resurrected on appeal." <u>Higgins</u> v. <u>New Balance Athletic Shoe, Inc.</u>, 194 F.3d 252, 260 (1st Cir. 1999).

Coons makes one final effort to save his forfeited state law argument. He starts with the uncontroversial premise that it was Industrial Knife's burden, as the moving party below, to show

---

[9] The district court specifically noted this complexity as a reason for not discussing the state law issue sua sponte.

that it was entitled to judgment as a matter of law. Coons then posits that Industrial Knife's burden obligated it to demonstrate that Coons's claims did <u>not</u> relate back to the original complaint. Therefore, the failure to discuss Rule 15(c)(1)(A) should be held against Industrial Knife, not him.

The premise of Coons's argument is accurate enough. A motion for judgment as a matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). But Industrial Knife satisfied its burden of showing that it was entitled to judgment as a matter of law by pointing out that, on the undisputed facts, the claims against it were filed well outside the applicable three-year limitations period. Although it is often good strategy for the moving party to anticipate and respond to the strongest counter-arguments that might be presented, as Industrial Knife did for the federal relation back argument, there is no obligation to do so. Once Industrial Knife "establishe[d] that the time period between the plaintiff's injury and the plaintiff's complaint exceed[ed] the limitations period set forth in the applicable statute," it was Coons's burden to "alleg[e] facts which would take his . . . claim outside the statute." <u>McGuinness</u> v. <u>Cotter</u>, 591 N.E.2d 659, 661-62 (Mass. 1992). Coons should have researched all the available counter-arguments and presented them to the district court in the

first place.  The district court did not err in declining to do Coons's work for him.

### III.

The other issue on appeal is whether the district court abused its discretion in awarding Industrial Knife $6,886 in attorney's fees and $1,358 in expenses as a sanction for Coons's untimely designation of expert witnesses.  The district court wrote a commendably thorough opinion explaining the award, and we have nothing to add to its analysis.  Suffice it to say that the district court did not abuse its discretion, either in awarding fees in the first place or in determining the amount of the award.

**AFFIRMED**.