Ryan C. Tews, Plaintiff-Appellant-Petitioner,

v.

NHI, LLC, J-Star Bodco, Inc. n/k/a 1234
Wisconsin, Inc., Nasco Holdings, Inc., Nasco
Exports, Inc., The Aristotle Corporation, Geneve
Holdings, Inc., Industrie Bodco, Inc., Travelers
Property Casualty Company of America and
Westchester Surplus Lines Insurance Company,
Defendants,

Wisconsin Electric Power Company
d/b/a WE Energies, Defendant-Respondent.

Supreme Court

*No. 2009AP828. Oral argument October 7, 2010.
—Decided December 21, 2010.*

2010 WI 137

(Also reported in 793 N.W.2d 860.)

For the plaintiff-appellant-petitioner there were briefs by *Raymond E. Krek, Chad T. Buehler* and *Krek & Associates,* Jefferson, and oral argument by *Raymond E. Krek.*

For the defendant-respondent there was a brief by *John E. Feldbruegge, Kelly J. Noyes* and *von Briesen & Roper, S.C.,* Milwaukee, and oral argument by *John E. Feldbruegge.*

¶ 1. ANN WALSH BRADLEY, J. Plaintiff Ryan C. Tews seeks review of an unpublished decision of the court of appeals affirming an order of the circuit court which concluded that the statute of limitations had run and granted summary judgment in favor of the defendant, Wisconsin Electric Power Company ("WEPCo").[1] Tews apparently had difficulty identifying the correct legal name of the defendant that allegedly serviced the electrical substation where the injury occurred. His original complaint named We Energies and his amended complaint instead named Wisconsin Energy

---

[1] *See Tews v. NHI, LLC,* No. 2009AP828, unpublished slip op. (Wis. Ct. App. Feb. 18, 2010) (affirming a judgment and order of the circuit court for Jefferson County, Jacqueline R. Erwin, Judge).

Corporation d/b/a We Energies ("Wisconsin Energy"). Both were filed within the statute of limitations. However, Tews' second amended complaint alleging WEPCo as the proper name of the defendant was filed after the statute of limitations expired. Tews contends that WEPCo is not entitled to summary judgment because his second amended complaint relates back to the date he filed his original or amended complaint.

¶ 2. The purpose of the relation-back statute, Wis. Stat. § 802.09(3),[2] is to ameliorate the effect of the statute of limitations in a situation where the opposing party has received fair notice of the claim. When a defendant is added as a party after the applicable limitations period and all the requirements of the relation-back statute are satisfied, fair notice has been provided, and the added defendant has been given the full benefit of the protections that the statute of limitations was intended to provide.

¶ 3. The relation-back statute as applied here requires first that the claim asserted in the second amended complaint arose out of the same transaction, occurrence, or event set forth in the original complaint. There is no dispute that this requirement is satisfied. Second, the relation-back statute requires that within the time period provided by law for commencing an action, WEPCo received such notice of the institution of the action that it will not be prejudiced in maintaining a defense on the merits. Third, the relation-back statute requires that within the time period provided by law for commencing an action, WEPCo knew or should

---

[2] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise indicated.

have known that but for a mistake concerning the identity of the proper party, the action would have been brought against WEPCo.

¶ 4. In reviewing whether WEPCo is entitled to summary judgment, we apply well-established methodology. A court initially examines the pleadings to determine whether claims have been stated and material factual issues presented. To make a prima facie case for summary judgment, a moving defendant must show a defense that would defeat the plaintiff. If the moving party has made a prima facie case for summary judgment, the court must examine the affidavits and other proof of the opposing party to determine whether a genuine issue exists as to any material fact or whether reasonable conflicting inferences may be drawn from undisputed facts.

¶ 5. An examination of these pleadings reveals the following undisputed facts: The timing of the incident is undisputed, the location of the incident is undisputed, and that Tews actually suffered injuries as a result of contact with an "electrical part" is undisputed. Likewise, it is undisputed that WEPCo has offices at the same location as Wisconsin Energy, WEPCo has the same registered agent as Wisconsin Energy, and WEPCo has retained the services of same attorney who represented We Energies and Wisconsin Energy from the outset of the case.

¶ 6. These undisputed facts raise competing reasonable inferences. One of the reasonable inferences is that the requirements of the relation-back statute are satisfied, and that Tews' second amended complaint is therefore not barred by the statute of limitations.

¶ 7. Although WEPCo made various factual assertions in its affidavit, nothing set forth in its affidavit

resolves in WEPCo's favor the competing inferences raised by the undisputed facts in the pleadings. We therefore conclude that WEPCo is not entitled to summary judgment. Accordingly, we reverse the decision of the court of appeals.

I

¶ 8. Even though the procedural facts of this case are complex, the facts giving rise to this lawsuit are relatively straightforward. Tews spent a portion of the evening of December 30, 2004 at Lennigan's Bar in Fort Atkinson. He departed the bar on foot and headed home, taking his usual shortcut across the parking lot behind the NASCO plant. Tews alleges that he attempted to exit the parking lot through the north gate but was unable to do so because it was closed and locked. He allegedly entered an unlit, fenced-in electrical sub-station through an unlocked gate. Once in the sub-station, Tews came into contact with part of a transformer. The injuries sustained by Tews are both permanent and severe.

¶ 9. Tews filed suit on September 26, 2007. Among other defendants, he named "WE Energies" in his complaint.[3] Tews alleged that We Energies is a Wisconsin corporation "with its principal place of business located at 231 West Michigan Street, Milwaukee, Wisconsin 53203." The record reflects that the complaint was served on a legal assistant authorized to accept service at 231 W. Michigan Street in Milwaukee.

¶ 10. In its answer, We Energies "den[ied] that We Energies is a company, . . . that it is organized and

---

[3] Against WE Energies, the complaint alleged common law negligence for failure to "maintain the electrical sub-station in a safe and reasonable manner." It also alleged causes of action for wanton or reckless conduct and for negligence per se.

exists under the laws of the State of Wisconsin or that it has a principal place of business at 231 West Michigan Street, Milwaukee, WI[.]" It asserted that We Energies "lacks capacity to be sued in that it is not a legal entity but merely a trade name."

¶ 11. Despite We Energies' assertion that it was not a legal entity, it retained counsel. Attorney Feldbruegge filed a notice of appearance stating that the law firm of von Briesen & Roper, S.C. had been "retained by and appear for the defendant, We Energies, in the above-entitled action[.]" It was Attorney Feldbruegge who filed the answer and a motion to dismiss, in which We Energies admitted that Tews departed Lennigan's Bar on foot, that the north gate of the parking lot was closed and locked, that Tews "contacted an electrical part," and that Tews "suffered injuries as a result of said electrical contact." On behalf of We Energies, Attorney Feldbruegge also conducted discovery.

¶ 12. On December 28, 2007, two days before the statute of limitations expired, Tews amended his complaint and named "Wisconsin Energy Corporation (d/b/a WE ENERGIES)." The amended complaint asserted that Wisconsin Energy is a Wisconsin company "with its principal place of business located at 231 West Michigan Street, Milwaukee, Wisconsin 53203." It further asserted that Wisconsin Energy "has as its registered agent, Keith H. Ecke, who is located at 231 West Michigan Street, Milwaukee, Wisconsin 53203." The amended complaint's factual allegations are nearly identical to the factual allegations set forth in Tews' initial complaint.[4]

---

[4] The only differences between the allegations in the original complaint and the amended complaint are immaterial for the purposes of this appeal. For instance, instead of alleging

¶ 13. Attorney Feldbruegge did not file a notice of appearance for the newly named Wisconsin Energy. Rather, he filed an "amended" notice of appearance and then answered the amended complaint on behalf of Wisconsin Energy. In its answer, Wisconsin Energy admitted that it was a Wisconsin corporation with "a principal place of business located at 231 West Michigan Street, Milwaukee, WI 53203 and has as its registered agent Keith H. Ecke[.]"

¶ 14. Like the answer to the complaint against We Energies, Wisconsin Energy admitted that Tews left Lennigan's Bar on foot, that the north gate of the parking lot was closed and locked, that Tews "contacted an electrical part," and that Tews "suffered injuries as a result of said electrical contact." However, it alleged that Wisconsin Energy's business activities "are limited to that of a holding corporation" and that Wisconsin Energy "is not liable for the torts of its wholly owned subsidiaries."[5]

¶ 15. Several months later, two related motions were filed, one by each party. Wisconsin Energy filed a motion to dismiss, and Tews filed a motion asking the court for leave to amend his complaint for the second time to add a defendant.

¶ 16. Wisconsin Energy filed its motion to dismiss on July 31, 2008, and asserted that the motion was "based on its lack of liability for the torts of its wholly

that Tews was "electrocuted," the amended complaint alleged that he had "received a severe electrical burn."

[5] Among other affirmative defenses, Wisconsin Energy alleged laches and that the court lacked jurisdiction over Wisconsin Energy on the grounds that the amended summons and complaint should have been served on Wisconsin Energy's registered agent but instead were served on Attorney Feldbruegge.

owned subsidiaries." In an attached affidavit, the Executive Vice President of Wisconsin Energy averred that "Wisconsin Energy Corporation does not engage in the business of generation and/or distribution of electric energy but is the owner of 100% of the stock of [WEPCo]." He further identified WEPCo as "the electric utility which provides electric service to businesses and residences in the southeastern portion of the State of Wisconsin, including Fort Atkinson where the accident which is the subject matter of this action is located."

¶ 17. Tews' motion for leave to amend his complaint by adding WEPCo as a defendant was filed four days later on August 4, 2008. He asserted that under Wis. Stat. § 802.09(3),[6] his second amended complaint would relate back to the date of a prior filing.

¶ 18. Throughout the briefing on the two motions, Wisconsin Energy argued that it should be dismissed as a defendant because it was not liable for WEPCo's torts, and that Tews' motion to amend his complaint by adding WEPCo as a defendant should be denied. It asserted that "there are serious impediments to the application of the relation-back doctrine here"

---

[6] Wisconsin Stat. § 802.09(3), entitled "Relation Back of Amendments" provides:

If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

and therefore, the claims against WEPCo would be barred by the statute of limitations.

¶ 19. Tews countered that "WE Energies and or Wisconsin Energy Corporation knew all along that [Tews] intended to make a claim against Wisconsin Electric Power Company[.]" He further contended that WEPCo received notice of the institution of the action, would not be prejudiced in maintaining a defense on the merits, and knew or should have known that, "but for a mistake concerning its proper identity, this action would have been brought against it as well":

> [WEPCo] should have been on notice of this claim as of September 26, 2007, when Plaintiff filed the original Complaint naming WE Energies as a defendant . . . and again December 28, 2007, when Plaintiff filed the Amended Complaint naming Wisconsin Energy Corporation (d/b/a WE Energies) as a defendant.

Moreover, Tews asserted, "it appears likely that [WEPCo] will utilize the same counsel as Wisconsin Energy Corporation (d/b/a WE Energies) in its defense of this action."

¶ 20. After a hearing on the two motions and other unrelated discovery disputes, the court dismissed "the parent company [Wisconsin Energy] on capacity grounds"[7] and granted leave for Tews to file a second amended complaint adding WEPCo as a defendant. In its oral decision, the court expressly declined to rule on the applicability of the relation-back statute: "I'm not in a position to be able to say that the new intended party, [WEPCo], has not suffered prejudice. It's premature for me to rule on the prejudice to that new proposed party

---

[7] Tews later filed a motion for reconsideration of the court's decision to dismiss Wisconsin Energy, which was denied.

and the 'relation back' claim .... I have no doubt, as counsel argued, that [WEPCo] will interpose those defenses."

¶ 21. Tews' second amended complaint was filed on October 29, 2008. It asserted the same location of the principal place of business and the same registered agent as Tews had previously alleged.

¶ 22. The second amended complaint alleged that WEPCo was a Wisconsin company "with its principal place of business located at 231 West Michigan Street, Milwaukee, Wisconsin 53203" and "has as its registered agent, Keith H. Ecke, who is located at 231 West Michigan Street, Milwaukee, Wisconsin 53203." The factual allegations in the second amended complaint were nearly identical to the factual allegations in Tews' original and amended complaints. On November 12, the second amended complaint was served on an employee at 231 West Michigan Street who was authorized to accept service.

¶ 23. Attorney Feldbruegge filed a notice of appearance, informing the court that von Briesen & Roper had been retained by WEPCo. WEPCo's answer denied that 231 West Michigan Street was its "principal place of business." Nevertheless, it admitted that it "has offices at 231 West Michigan Street, Milwaukee, WI 53203" and that its registered agent is Keith H. Ecke, who is located at that address.

¶ 24. As had We Energies and Wisconsin Energy, WEPCo admitted that Tews departed Lennigan's Bar on foot in the late hours of December 30, 2004, that the north gate of the parking lot was closed and locked, that Tews "contacted an electrical part," and that Tews "suffered injuries as a result of said electrical contact." As an affirmative defense, WEPCo's answer alleged that

the complaint was time barred by the statute of limitations for personal injury set forth in Wis. Stat. § 893.54.[8]

¶ 25. On the same day it answered the second amended complaint, WEPCo also filed a document captioned "notice of motion and motion for summary judgment." The notice provided that the motion would be heard on January 29, 2009, and that it was "supported by the pleadings already filed in this matter and the enclosed brief."

¶ 26. WEPCo's three-page brief made no argument about the relation-back statute. It simply concluded that the action was barred by the statute of limitations:

> Plaintiff was injured after he climbed onto an electric substation located on private property on December 30, 2004. (2nd Am. Compl.) Plaintiff filed his Second Amended Complaint adding WEPCo on October 29, 2008. (*Id.*) WEPCo now files this motion for summary judgment on Plaintiff's Second Amended Complaint based on the three-year statute of limitations contained in Wis. Stat. § 893.54. As Plaintiff failed to file suit against WEPCo within three years after the date of his injury, WEPCo respectfully requests that this Court dismiss Plaintiff's claim against it as a matter of law.

WEPCo did not include any affidavits with its brief.

¶ 27. Tews responded timely with a brief in opposition to WEPCo's motion for summary judgment, asserting that his second amended complaint was not barred by the statute of limitations because it related

---

[8] Along with other another affirmative defenses, WEPCo alleged laches and also that the court lacked jurisdiction over WEPCo on the grounds of improper service of the second amended summons and complaint.

back to his original filings. His brief set forth several allegations about the relationship between We Energies, Wisconsin Energy, and WEPCo. Among other facts, he contended that WEPCo and Wisconsin Energy share the same registered agent and share the same principal office, located at 231 West Michigan Street, Milwaukee, Wisconsin. He asserted that WEPCo had retained the same law firm, von Briesen & Roper, S.C., and the same lead attorney, John E. Feldbruegge, as had been retained by We Energies and Wisconsin Energy.

¶ 28. Tews did not include any affidavits with his brief. Instead, he attached as "exhibits" several documents from the Wisconsin Department of Financial Institutions website.

¶ 29. On January 22 at 3:30 p.m., five business days before the hearing,[9] WEPCo filed a reply and affidavit. It asserted that the burden to present evidence belonged to Tews, given that he was the party seeking the benefit of the relation-back statute. Because he had not submitted any evidence by affidavit that the second amended complaint should relate back, WEPCo contended that Tews failed to create a genuine issue of material fact.

---

[9] Wisconsin statutes require an adverse party to serve any opposing affidavits at least five business days before the hearing. Wisconsin Stat. § 802.08(2) provides: "Unless earlier times are specified in the scheduling order, the motion shall be served at least 20 days before the time fixed for the hearing and the adverse party shall serve opposing affidavits, if any, at least 5 days before the time fixed for the hearing." Further, Wis. Stat. § 801.15(1)(b) provides: "[I]n computing any period of time prescribed or allowed by chs. 801 to 847, . . . the day of the act, event or default from which the designated period of time begins to run shall not be included. . . . When the period of time prescribed or allowed is less than 11 days, Saturdays, Sundays and holidays shall be excluded in the computation."

¶ 30. WEPCo commented that Tews' brief "refers to numerous depositions and deposition testimony as well as to extraneous materials obtained from the State of Wisconsin including Domestic Corporation Annual Reports of Wisconsin Energy Corporation and WEPCo. None of this material is before the court by way of Affidavit and should be summarily disregarded."[10]

¶ 31. Attorney Feldbruegge's affidavit attached the three sets of pleadings as well as printouts from the home pages of We Energies and Wisconsin Energy. The printout from the We Energies home page explained: "We Energies is the trade name of Wisconsin Electric Power Co. and Wisconsin Gas LLC, the principal utility subsidiaries of Wisconsin Energy Corporation."

¶ 32. The day after he received WEPCo's reply[11] and four business days before the hearing, Tews filed a document captioned "notice of motion to strike reply brief of defendant Wisconsin Electric Power Company and Affidavit of John E. Feldbruegge." At that time,

---

[10] WEPCO also asserted that the annual reports attached to Tews' brief as exhibits, even if considered, were insufficient to raise an issue of material fact: "[S]hould the court accept those exhibits for consideration on this motion, it is defendant's position that those documents fail to meet the requirements of the relation-back statute. . . . [They] merely suggest that Wisconsin Energy Corporation, the holding company and WEPCo, the wholly owned subsidiary, have some officers and directors that are identical. . . . [Tews] does not explain how these facts alone are sufficient to permit the conclusion or even inference by WEPCo that Tews intended to sue WEPCo, and that he mistakenly sued Wisconsin Energy Corporation or that but for that mistake, the lawsuit would have been brought against WEPCo."

[11] The court of appeals incorrectly stated that Attorney Buehler's affidavit was filed two days after WEPCo's reply brief. *Tews,* No. 2009AP828, unpublished slip op., ¶ 5.

Tews also submitted an affidavit of Attorney Buehler, attaching various court documents and transcripts from depositions, as well as the corporate annual reports from the Department of Financial Institutions' website.

¶ 33. Tews' motion asked the court to dismiss WEPCo's motion for summary judgment and strike WEPCo's reply brief and affidavit, or alternatively, to allow Tews more time to file an additional affidavit.[12] He acknowledged that WEPCo had the option to file either a motion to dismiss or a motion for summary judgment, and that WEPCo chose summary judgment. However, he argued that WEPCo's initial motion for summary judgment should be "summarily disregarded" because it was not supported by an affidavit. Tews contended that he had not filed any affidavits with his response "because the moving defendant filed no affidavit(s) for the plaintiff to oppose with contrary facts."

¶ 34. It appears that Attorney Feldbruegge raised the issue of whether Attorney Buehler's affidavit was untimely. At the January 29th hearing, Tews contended that the circuit court should nevertheless consider Attorney Buehler's affidavit because "[w]e cannot file an Affidavit in opposition to what the Defendant had filed until after we receive their Affidavit—[w]hich we did not receive until" the day of the filing deadline. The court declined to consider Attorney Buehler's affidavit, concluding that it was "a little late."[13]

---

[12] Tews also asked the court to shorten the time of notice for his motions to actual notice so that they could be heard at the January 29th hearing.

[13] The concurrence/dissent asserts that this court "ought not second-guess" the circuit court's discretionary determination to disregard the untimely affidavit. Concurrence/dissent, ¶ 98. Nothing in this opinion suggests that the circuit court

¶ 35. The circuit court denied Tews' motion and turned to the merits of WEPCo's motion for summary judgment. It acknowledged that WEPCo's motion had the "flavor" of a motion to dismiss. However, it concluded that WEPCo's motion "is properly a summary judgment motion. It's properly supported by the pleadings that are filed."

¶ 36. WEPCo argued that there was no evidence in the file that would show that WEPCo was not prejudiced by the late filing or that WEPCo knew or should have known prior to the expiration of the statute of limitations that it was, "but for a misnomer, intended to be the Defendant." Tews argued that once he made the claim that the amendment related back to his original complaint, the burden shifted back to WEPCo to disprove the claim: "I do not see how the Defendant could maintain their position that it does not relate back if they don't come forth with some evidence to the contrary."

¶ 37. The circuit court granted WEPCo's motion for summary judgment. In its written decision, it explained that WEPCo "relied on pleadings which supported its time bar claim" but that Tews failed to "rely on any pleadings, depositions, answers to interrogatories, admissions on file or affidavits in support of his 'relation back' defense until the time period for such filing had expired[.]" Ultimately, the circuit court concluded that Tews "has not created a genuine issue of material fact by his brief alone."[14]

erroneously exercised its discretion by declining to consider this untimely filing. Our analysis is not based on anything set forth in Attorney Buehler's affidavit.

[14] Tews filed a motion for reconsideration. For the first time, he argued that WEPCo's motion had actually been "a motion to dismiss in disguise," and that the motion became one

¶ 38. On appeal, the court of appeals' character-ization of the procedural posture of this case differed from that of the circuit court. The court of appeals concluded that WEPCo's motion had initially been a motion to dismiss: "WEPCo's motion raising the statute of limitations was not a motion for summary judgment because it relied exclusively on the allegation in Tews' complaint concerning the date of his accident, and the filing date of the complaint, without reference to any facts outside that pleading." *Tews v. NHI, LLC,* No. 2009AP828, unpublished slip op., ¶ 7 (Wis. Ct. App. Feb. 18, 2010) (citing Wis. Stat. § 802.06(2)(a)). The court said that "WEPCo's labeling of its motion is irrelevant." *Id.*

¶ 39. However, the court concluded that WEPCo's motion to dismiss was converted into one for summary judgment by Tews' response, which raised factual issues outside the pleadings. *Id.* According to the court of

for summary judgment only when Attorney Feldbruegge filed an affidavit five business days before the hearing. If Attorney Buehler's affidavit was late, Tews contended that it was due to excusable neglect.

He also argued that WEPCo had failed to make a case for summary judgment: "There have been answers and there have been affidavits in those answers that may have raised issues. . . . [T]he real issue that needs to be addressed is whether or not the relation back statute applies in this case. Nowhere does WEPCo tell the Court by an affidavit, even the one filed a week before the hearing, how it could be that there is no genuine issue of material fact regarding the identity of WEPCo, personal service on WEPCo, or prejudice to WEPCo caused by the filing of the Second Amended Complaint."

Tews appealed the circuit court order denying his motion for reconsideration. Because our review of the order granting summary judgment is dispositive, we need not address Tews' arguments regarding the motion for reconsideration.

appeals, because Tews failed "to set forth his evidence" and because his failure was not due to excusable neglect, summary judgment was properly entered in favor of WEPCo. *Id.*

## II

█

¶ 40. This case requires us to determine whether WEPCo was entitled to summary judgment. We do not review the circuit court's grant or denial of summary judgment under an erroneous exercise of discretion standard. *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–17, 401 N.W.2d 816 (1987). Rather, our review is independent of the determination rendered by the circuit court, but we apply the same methodology. *Id.*

¶ 41. The summary judgment methodology is well established. *Zielinski v. A.P. Green Indus., Inc.,* 2003 WI App 85, ¶ 6, 263 Wis. 2d 294, 661 N.W.2d 491. "In determining whether to grant a motion for summary judgment, the court examines the pleadings to determine whether claims have been stated and material factual issues presented. To make a prima facie case for summary judgment, a moving defendant must show a defense that would defeat the plaintiff. If the moving party has made a prima facie case for summary judgment, the court must examine the affidavits and other proof of the opposing party [to determine whether summary judgment is appropriate]." 3 Grenig, *Wisconsin Practice Series: Civil Procedure* § 208.3 at 336 (3d ed. 2003) (citing *Paul v. Skemp,* 2001 WI 42, 242 Wis. 2d 507, 625 N.W.2d 860; *Swatek v. County of Dane,* 192 Wis. 2d 47, 531 N.W.2d 45 (1995)).

¶ 42. Summary judgment is appropriate where there is no genuine dispute of material fact and the

moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2). The purpose of the summary judgment procedure is to avoid trials when there is nothing to try. *Rollins Burdick Hunter of Wisconsin, Inc. v. Hamilton,* 101 Wis. 2d 460, 470, 304 N.W.2d 752 (1981). "On summary judgment the court does not decide the issue of fact; it decides whether there is a genuine issue of fact." *Cody v. Dane County,* 2001 WI App 60, ¶ 19, 242 Wis. 2d 173, 625 N.W.2d 630. Further, "summary judgment should not be granted if reasonable, but differing, inferences can be drawn from the undisputed facts." *Delmore v. American Family Mut. Ins. Co.,* 118 Wis. 2d 510, 516, 348 N.W.2d 151 (1984).

## III

¶ 43. Tews' petition and brief to this court set forth a number of procedural issues. We begin by addressing a threshold matter of the role that affidavits play in a summary judgment proceeding. This discussion helps inform our subsequent determination of whether WEPCo was entitled to summary judgment in this case.

¶ 44. Some may assert that a motion for summary judgment always must be supported by an affidavit, and that a proponent or opponent of summary judgment cannot prevail without filing an affidavit. Such an assertion is not supported by the language of the summary judgment statute or its history, and it is inconsistent with state and federal practice guides and commentary.

¶ 45. The procedure for summary judgment proceedings is set forth in Wis. Stat. § 802.08. During a summary judgment proceeding, parties may introduce

factual matters beyond the pleadings. Factual matters are typically introduced by affidavit. *See* Wis. Stat. § 802.08(3).

¶ 46. The express language of the summary judgment statute does not always require a party moving for or opposing summary judgment to file an affidavit with the court. Wisconsin Stat. § 802.08(2) provides: "[T]he motion shall be served . . . and the adverse party *shall serve opposing affidavits, if any,* at least 5 days before the time fixed for the hearing." (Emphasis added.) It also provides: "The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any,* show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.)

¶ 47. The drafting history of Wis. Stat. § 802.08(2) also indicates that motions and responses to motions for summary judgment need not always be accompanied by affidavit. Wisconsin Stat. § 802.08 was modeled in large part after the Federal Rules of Civil Procedure and was adopted in 1975 by order of the Wisconsin Supreme Court, 67 Wis. 2d 585, 630–631 (1975). The Judicial Council Committee note accompanying its adoption explained that Wis. Stat. § 802.08(2) "is virtually identical to Federal Rule 56(c)," except that the Wisconsin statute provides for different time limits. *Id.* at 632.

¶ 48. Like the Wisconsin statute, the express language of the 1970–1976 version of the Federal Rules of Civil Procedure does not require a moving party or a party opposing summary judgment to file an affidavit with the court:

(a) For claimant. A party seeking to recover upon a claim ... may ... move *with or without supporting affidavits* for a summary judgment in his favor ....

(b) For defending party. A party against whom a claim ... is asserted ... may ... move *with or without supporting affidavits* for a summary judgment in his favor ....

(c) Motion and proceedings thereon. ... The adverse party prior to the day of hearing *may serve opposing affidavits.* The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any,* show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. ...

Fed. R. Civ. P. 56 (1970) (emphasis added). Rule 56 of the Federal Rules of Civil Procedure is substantially the same today as it was in the 1970s, when Wisconsin's rule was drafted.

¶ 49. Finally, both state and federal practice guides confirm that affidavits are not always required when filing a motion for summary judgment. The *Wisconsin Practice Series* provides: "A motion for summary judgment may be made on the basis of the pleadings or other portions of the record in the case or it may be supported by affidavits and a variety of outside material." 3 Grenig, *supra,* § 208.4 at 341. Likewise, the treatise *Federal Practice & Procedure* provides that a motion for summary judgment "may be made on the basis of the pleadings or other portions of the record in the case or it may be supported by affidavits[.]" Wright, Miller & Kane, 10A *Federal Practice & Procedure* § 2711 at 19 (3d ed. 1998).

¶ 50. Accordingly, the court of appeals erred when it asserted that WEPCo's motion had initially been a

410

motion to dismiss "because it relied exclusively on the [pleadings] without any reference to any facts outside that pleading" and that "the proceeding did not become one for summary judgment until Tews introduced matters outside the pleadings" in his brief in response to WEPCo's motion. *Tews,* unpublished slip op., ¶ 7. Both of these assertions rely on the unsupported premise that a motion for summary judgment must be based on something beyond the pleadings. Although a motion for summary judgment will typically present factual matters beyond the pleadings, there is no statutory requirement that it do so.

¶ 51. In this case, WEPCo's motion was captioned a motion for summary judgment, it cited Wis. Stat. § 802.08(2), the summary judgment statute, and it was pursued by the moving party as a motion for summary judgment. The circuit court correctly observed that WEPCo's motion did not rely on anything beyond the pleadings, but that it was nevertheless a motion for summary judgment. The circuit court's observation is consistent with the language of the summary judgment statute, the statute's history, and recognized Wisconsin practice.

## VI

¶ 52. We address next whether WEPCo was entitled to summary judgment. The basis of WEPCo's motion is that Tews' claims were barred by the statute of limitations. The parties agree that the applicable statute of limitations is three years from the date of injury[15] and that the injury occurred on December 30, 2004. There is no dispute that Tews' original complaint and his amended complaint were filed within the stat-

---

[15] *See* Wis. Stat. § 893.54.

ute of limitations, but that his second amended complaint was filed after December 30, 2007.

¶ 53. WEPCo was not named as a party until Tews filed his second amended complaint. The parties agree that the claims against WEPCo are barred by the statute of limitations unless Tews' second amended complaint relates back to the date he filed his original complaint or amended complaint.

¶ 54. The parties' disagreement centers around whether there are genuine issues of material fact regarding the applicability of the relation-back statute, Wis. Stat. § 802.09(3). Although the circuit court permitted Tews to amend his complaint by adding WEPCo as a defendant, it expressly reserved judgment on whether that amendment related back to Tews' original filings. *See supra*, ¶ 20. In its brief in opposition to summary judgment, Tews argued that the second amended complaint related back because WEPCo and Wisconsin Energy share the same registered agent and the same principal office, and WEPCo has retained the same law firm and lead attorney as We Energies and Wisconsin Energy. *See supra*, ¶ 27. However, he did not set forth these facts by affidavit.

■

¶ 55. Here, WEPCo is entitled to summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show that there are no genuine issues of material fact regarding the conditions necessary to satisfy the relation-back statute. *See* Wis. Stat. § 802.08(2). When reviewing a motion for summary judgment, the court begins by examining the pleadings.

¶ 56. Based on our review of the pleadings, several facts are undisputed. The timing of the incident is undisputed, the location of the incident is undisputed,

and that Tews actually suffered injuries as a result of contact with an "electrical part" is undisputed. Likewise, it is undisputed that WEPCo has offices at the same location as Wisconsin Energy, WEPCo has the same registered agent as Wisconsin Energy, and WEPCo has retained the services of same attorney who represented We Energies and Wisconsin Energy from the outset of the case.

¶ 57. In all three complaints, Tews alleged that he was injured when he came into contact with the transformer after leaving Lennigan's Bar on foot and finding the north gate of the NASCO parking lot closed and locked. In their answers, We Energies, Wisconsin Energy, and WEPCo all admitted that Tews departed Lennigan's Bar on foot, that the north gate of the parking lot was closed and locked, that Tews "contacted an electrical part," and that Tews "suffered injuries as a result of said electrical contact."

¶ 58. WEPCo denied that 231 West Michigan Street was its principal place of business, but it admitted that it had offices at that address. Wisconsin Energy (d/b/a We Energies) admitted that its principal place of business was located at 231 West Michigan Street. It is therefore undisputed that WEPCo has offices at the same location as Wisconsin Energy's principal place of business and the same location where the original complaint was served.[16]

---

[16] We Energies denied that its principal place of business was located at 231 West Michigan Street. A reasonable inference in favor of the non-moving party, *see Schmidt v. Northern States Power Co.,* 2007 WI 136, ¶ 24, 305 Wis. 2d 538, 742 N.W.2d 294, is that We Energies' denial is on the grounds of its assertion that We Energies was not a legal entity with a primary place of business.

¶ 59. Likewise, both WEPCo and Wisconsin Energy admitted that their registered agent is Keith H. Ecke, who is located at 231 West Michigan Street. It is undisputed that the two corporations share a registered agent. The record reflects that the original complaint (as well as the second amended complaint) was served on an employee at this address.[17]

¶ 60. One final undisputed fact is apparent. In this case, Attorney Feldbruegge has been retained to

[17] In its reply brief supporting its motion for summary judgment, WEPCo set forth the procedural history of this case. It explained that in the answer to the plaintiff's amended complaint, Wisconsin Energy raised an affirmative defense that as a holding company it was not liable for its subsidiary's torts. It also asserted the affirmative defense that the court lacked jurisdiction because of improper service.

Wisconsin Energy's motion to dismiss was filed and granted based on only one ground—that it was not liable for its subsidiary's torts. Wisconsin Energy did not make any motion to dismiss the complaint based on the circuit court's purported lack of jurisdiction due to improper service.

Similarly, in its answer to the second amended complaint, WEPCo asserted as affirmative defenses that the action was time barred by the statute of limitations and also that service was improper. Although WEPCo raised improper service as an affirmative defense, it never brought a motion based on improper service. Its motion for summary judgment was based on only one ground—the statute of limitations.

While pursuing the statute of limitations summary judgment motion, WEPCo advanced the argument that the second amended complaint had "nothing to which to relate back" because service of the amended complaint naming Wisconsin Energy was improper. WEPCo did not file a motion to dismiss on the basis of improper service. Accordingly, the circuit court made no determinations about the propriety of service on Wisconsin Energy or WEPCo. We likewise do not address the issue.

represent the interests of all three defendants in this lawsuit. Attorney Feldbruegge filed a notice of appearance on behalf of We Energies, an "amended" notice of appearance on behalf of Wisconsin Energy, and a notice of appearance on behalf of WEPCo. During the summary judgment motion hearing, the circuit court commented to Attorney Feldbruegge: "You're sitting in the same chair that you were sitting in when you were here for Wisconsin Energies."

¶ 61. Having identified the undisputed facts, we turn to the applicable law. The relation-back statute, Wis. Stat. § 802.09(3), was adopted by Supreme Court Order, 67 Wis. 2d 585, 632 (1975). It provides:

> If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

Wis. Stat. § 802.09(3). The statute's purpose is "to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised." *Korkow v. Gen. Cas. Co. of Wis.,* 117 Wis. 2d 187, 196, 344 N.W.2d 108 (1984).

415

¶ 62. We have stated that pleading should not be "a game of skill in which one misstep by counsel may be decisive of the outcome." *Id.* at 193. Therefore, Wisconsin has abandoned the highly formal concepts of common law form pleading in favor of a more functional concept of "notice" pleading. *Id.* at 192–93. When a plaintiff seeks to add a defendant and the relation-back statute is satisfied, fair notice has been provided and the added party has been given "the full benefit of the protections statutes of limitations were intended to provide." *Id.* at 198.

¶ 63. Wisconsin's relation-back statute is very nearly identical to Rule 15(c) of the Federal Rules of Civil Procedure. *Biggart v. Barstad,* 182 Wis. 2d 421, 429, 513 N.W.2d 681 (Ct. App. 1994). Like Wisconsin's statute, the purpose of the federal rule is to ensure that the statute of limitations is not "used mechanically to prevent adjudication of a claim where the real parties in interest were sufficiently alerted to the proceedings or were involved in them unofficially from an early stage." *Galion v. Conmaco Int'l, Inc.,* 658 P.2d 1130, 1133 (N.M. 1983) (quoting 3 J. Moore, *Moore's Federal Practice* ¶ 15.15[4.-1] (2d ed. 1982)).

¶ 64. Just recently, the United States Supreme Court applied the federal rule in a case with facts that are indistinguishable from the facts before us today.[18] *See Krupski v. Costa Crociere,* 130 S. Ct. 2485 (2010). In

---

[18] In *Krupski,* the Court recognized that there was a split in the federal courts about the appropriate relation-back analysis. The Court stated: "We granted certiorari to resolve tension among the Circuits over the breadth of Rule 15(c)(1)(C)(ii)[.]" *Krupski v. Costa Crociere,* 130 S. Ct. 2485, 2492 (2010). The concurrence/dissent cites a plethora of lower federal court cases in support of its argument. *See* concurrence/dissent, ¶ 101. To

that case, Krupski was injured as a passenger aboard a cruise ship. Her ticket identified the carrier as "Costa Crociere," an Italian Corporation. Nevertheless, Krupski brought suit against a related entity, Costa Cruise, alleging that Costa Cruise " 'owned, operated, managed, supervised and controlled' the ship on which Krupski had injured herself." *Id.* at 2490. When she filed her complaint, Krupski apparently failed to realize that the proper defendant was not Costa Cruise, but rather was Costa Crociere.

¶ 65. After the statute of limitations had expired, Costa Cruise asserted that it was merely the North American sales and marketing agent for Costa Crociere, which was the actual carrier and vessel operator. The District Court granted Krupski leave to amend her complaint to add Costa Crociere as a party. Costa Crociere, which was represented by the same attorney as had represented Costa Cruise, contended that the amended complaint was untimely because it did not relate back under the federal rules.

¶ 66. Based in part on the fact that Costa Cruise and Costa Crociere shared the same counsel, the District Court imputed notice of the institution of the action to Costa Crociere. *Krupski v. Costa Crociere,* No. 08–60152–CIV (S.D. Fla., Oct. 21, 2008). In support of this proposition, it cited *Jacobsen v. Osborne,* 133 F.3d 315, 320 (5th Cir. 1998) ("notice [for purposes of Fed. R. Civ. P. 15(c)] may be imputed to the new party through shared counsel") and *Chumney v. U.S. Repeating Arms Co., Inc.,* 196 F.R.D 419, 430 (M.D. Ala. 2000) ("when the original and the added defendants are represented

the extent that these cases are inconsistent with *Krupski,* the Supreme Court's recent interpretation now controls.

417

by the same counsel, . . . the institution of the action against one serves to provide notice of the litigation to the other").

¶ 67. The District Court, nevertheless, concluded that the relation-back rule was inapplicable because Krupski had not made a "mistake" regarding the proper party. *Krupski* at *6. The Eleventh Circuit Court of Appeals affirmed, concluding that the relevant information was located on Krupski's passenger ticket and that Krupski knew or should have known that Costa Crociere was the proper defendant. *Krupski v. Costa Crociere,* 330 Fed. Appx. 892 (11th Cir. 2009). The Eleventh Circuit explained that in light of Krupski's delay in identifying and naming the proper defendant, the District Court had not abused its discretion in denying relation back. *Id.* at 895.

¶ 68. The United States Supreme Court reversed. It concluded that relation back is not left to the "equitable discretion" of a district court, but rather "the Rule mandates relation back once the Rule's requirements are satisfied." *Krupski,* 130 S. Ct. at 2496. The Court further determined that the Eleventh Circuit misinterpreted the Rule. It clarified that relation back depends on what the party to be added knew or should have known, not on the plaintiff's knowledge or timeliness in seeking to amend the pleading. *Id.* The speed with which the moving party moves to amend the complaint after receiving leave to do so has no bearing on whether the amended complaint relates back. *Id.*

¶ 69. The Court's analysis relied on an underlying purpose of the Rule. Like the Wisconsin statute, the federal rule "balance[s] the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving

disputes on their merits." *Id.* at 2494. The Court elaborated that any other interpretation would result in a "windfall":

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

*Id.*

¶ 70. When applying the Rule, the Court focused its analysis on the pleadings. No reference is made to any affidavit. Rather, the Court imputed knowledge of the claim to the subsequently named defendant without the plaintiff demonstrating by any affidavit that the relation-back requirements had been met.[19]

---

[19] The concurrence/dissent's assertion that the respondent in a summary judgment motion must always file an affidavit is inconsistent with *Krupski*. The *Krupski* Court focused its analysis on the contents of the complaint without any reference to an affidavit: "Because the complaint made clear that Krupski meant to sue the company that 'owned, operated, managed, supervised and controlled' the ship on which she was injured, and also indicated (mistakenly) that Costa Cruise performed those roles, Costa Crociere should have known, within the Rule 4(m) period, that it was not named as a defendant in that complaint only because of Krupski's misunderstanding about which 'Costa' entity was in charge of the ship—clearly a 'mistake concerning the property party's identity.' " *Krupski,* 130 S. Ct. at 2497.

Based on the "face of the complaint," the Court imputed knowledge to Costa Crociere and rejected its contention that the amended complaint did not relate back: "Especially because the

¶ 71. In rejecting the lower courts' focus on the plaintiff's conduct and knowledge in the first instance, the Court made clear that the question under the relation-back statute "is not whether Krupski knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." *Id.* at 2493. The Court further explained that when dealing with related corporate entities with very similar names, there is a heightened expectation that the added party should suspect that, but for a mistake concerning its identity, the added party was the intended defendant:

> It is also worth noting that Costa Cruise and Costa Crociere are related corporate entities with very similar names; 'crociera' even means 'cruise' in Italian. This interrelationship and similarity heighten the expectation that Costa Crociere should suspect a mistake has been made when Costa Cruise is named in a complaint that actually describes Costa Crociere's activities.

*Id.* at 2498.

¶ 72. Like the federal rule, Wisconsin's relation-back statute requires the following conditions to be met when an amendment adding a new party[20] is made after

---

face of the complaint plainly indicated such a misunderstanding, [Costa Crociere's] contention is not persuasive. Moreover, [Costa Crociere] has articulated no strategy that it could reasonably have thought Krupski was pursuing in suing a defendant that was legally unable to provide relief." *Id.*

[20] The relation-back statute also may apply when, rather than adding a party to the suit, an amendment to a complaint adds a new cause of action. *See State v. One 1973 Cadillac*, 95 Wis. 2d 641, 647, 291 N.W.2d 626 (Ct. App. 1980); *see also* Clausen & Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801–803*, 59 Marq. L. Rev. 1, 64 (1976).

the statute of limitations has expired: (1) the claim asserted in the amended complaint arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original complaint; (2) within the period provided by law for commencing a claim, the added party received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits; and (3) within the period provided by law for commencing a claim, the added party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the added party.[21]

¶ 73. Here, there does not appear to be any dispute that the claims asserted in Tews' second amended complaint "arose out of the transaction, occurrence, or event" set forth in Tews' original or amended complaint. In all three complaints, Tews alleged that he was injured when he came into contact with the transformer after leaving Lennigan's Bar on foot and finding the north gate of the NASCO parking lot closed and locked.

---

[21] The court of appeals has set forth this inquiry as a four-part test. *See Grothe v. Valley Coatings, Inc.,* 2000 WI App 240, ¶ 9, 239 Wis. 2d 406, 620 N.W.2d 463 (stating that Wis. Stat. § 802.09(3) spells out four conditions: "(1) the basic claim must have arisen out of conduct set forth in the original pleadings; (2) the party to be brought in must have received notice so that it will not be prejudiced in maintaining its defense; (3) the party knew or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) most significantly, the second and third requirements must have been fulfilled within the prescribed limitations period.").

The test we set forth in this opinion more closely tracks the language of the statute and avoids a redundant inquiry.

¶ 74. To avoid summary judgment, there also must be facts in the record permitting a reasonable inference that WEPCo received notice of the institution of the action within the three-year statute of limitations such that it will not be prejudiced in maintaining a defense on the merits. Based on the undisputed facts, such an inference is reasonable.

¶ 75. WEPCo has offices at the same location as Wisconsin Energy and the same location where the original complaint was served. It also has the same registered agent as Wisconsin Energy. These undisputed facts permit the reasonable inference that WEPCo knew about the institution of the action within the three-year statute of limitations. The fact that WEPCo has retained the services of the same attorney who represented We Energies and Wisconsin Energy from the outset of the case permits the reasonable inferences that not only did WEPCo know about the action, but also that its interests have been protected so that it will not be prejudiced in maintaining a defense on the merits. These reasonable inferences, if true, would preclude the grant of summary judgment.

¶ 76. Finally, to avoid summary judgment, there also must be facts permitting the inference that WEPCo knew or should have known that, but for a mistake concerning its identity as a proper party, the action would have been brought against WEPCo. A review of the first two complaints, both filed within the statute of limitations, is helpful in considering whether WEPCo knew or should have known that, but for a mistake concerning its identity as a proper party, the action would have been brought against WEPCo. The original complaint alleges that We Energies was "the servicer of the electrical sub-station at issue." The first amended complaint alleges that Wisconsin Energy was "the ser-

vicer, supplier, and/or provider to the electrical substation at issue." From these two complaints, it is apparent that Tews intended to file suit against the servicer of the electrical sub-station at Fort Atkinson's NASCO plant.

¶ 77. The same undisputed facts that are relevant to the notice condition are relevant to this condition as well. As discussed above, the undisputed facts permit the inference that WEPCo was on notice of the institution of the action within the statute of limitations. If so, WEPCo should have known that, but for a mistake concerning the identity of that servicer of the electrical sub-station, WEPCo was the intended defendant. Again, the admitted facts from the pleadings illustrate that there is a genuine issue of material fact.

¶ 78. In its brief to the circuit court in support of summary judgment, WEPCo argued that given Tews' delay in attempting to amend the complaint, "it would have been reasonable for WEPCo to conclude that Tews sued Wisconsin Energy Corporation by design, not mistake[.]" This is an inference that may be drawn from the undisputed facts, but it is not the only possible inference.

¶ 79. As noted above, the purpose of summary judgment is not to try issues of fact. "[S]ummary judgment should not be granted if reasonable, but differing, inferences can be drawn from the undisputed facts." *Delmore v. American Family Mut. Ins. Co.*, 118 Wis. 2d 510, 516, 348 N.W.2d 151 (1984).

¶ 80. The undisputed facts set forth above raise competing inferences. There is a reasonable inference that the requirements of the relation-back statute are satisfied, and that Tews' second amended complaint is therefore not barred by the statute of limitations. Although WEPCo made various factual assertions in its

affidavit, nothing set forth in its affidavit resolves in WEPCo's favor the competing inferences raised by the undisputed facts in the pleadings. We therefore conclude that WEPCo is not entitled to summary judgment.[22]

¶ 81. We emphasize that our determination here is not based on any reliance on the allegations in Tews' complaints—rather, it is based on the admitted and undisputed facts established by the defendants' responsive pleadings. If we were reviewing mere allegations or denials, our result would be different.

¶ 82. Once the moving party has made a case for summary judgment, a party opposing summary judgment may not rest on the mere allegations or denials of the pleadings:

> Supporting affidavits need not be filed with the motion for summary judgment if the pleadings and other papers filed in the action reflect the fact that there is no genuine issue for trial. However, *a plaintiff may not rely*

---

[22] In his petition and brief, Tews advanced several additional issues: whether the circuit court erred by excluding Attorney Buehler's affidavit; whether the summary judgment deadlines set forth in Wis. Stat. § 802.08(2) begin to apply on the date a "de facto motion to dismiss" is filed; whether Tews was required to file an affidavit on the same day that WEPCo filed its affidavit or be defaulted; whether the circuit court erred when it concluded that Tews' untimeliness was not a result of excusable neglect; whether WEPCo created an ex post facto summary judgment scheduling order depriving Tews of due process; and whether the court of appeals' comment on the sufficiency of Tews' relation-back argument constituted dicta. Because we conclude that WEPCo was not entitled to summary judgment, we need not address these additional issues.

*on allegations in the complaint to oppose a defendant's summary judgment motion, because the complaint is not evidentiary.*

3 Grenig, *supra,* § 208.4 at 341–42 (emphasis added). In the rare case, however, the pleadings will establish something beyond "mere allegations"—the pleadings will establish the existence of undisputed facts that preclude entry of summary judgment. This is one such case.[23]

¶ 83. It bears emphasis that, even though the statute does not always require affidavits to be filed in a proceeding for summary judgment, the best and safest

[23] The concurrence/dissent asserts that our opinion "imposes an unreasonable burden on the circuit court to scour the pleadings for any conceivable genuine issue of material fact even though counsel neglected to properly advocate that position." Concurrence/dissent, ¶ 88. It misconstrues the court's opinion. The concurrence/dissent cites the *Coons* case, attempting to bolster its analysis. *See id.,* ¶ 96 n.3 (citing *Coons v. Indus. Knife Co.,* 620 F.3d 38 (1st Cir. 2010)). In *Coons,* the First Circuit stated that judges are not obligated to search "sua sponte for issues that may be lurking in the penumbra of the motion papers." *Coons,* 620 F.3d at 44.

Here, the relevant facts were not "lurking in the penumbra of the motion papers." Rather, they were squarely presented by a review of the pleadings and the parties' arguments. The concurrence/dissent acknowledges that the question of whether the second amended complaint related back was "not hidden or obscure but rather was quite obvious[.]" Concurrence/dissent, ¶ 95.

At its core, the concurrence/dissent's analysis hinges upon Tews' failure to file an affidavit along with his brief. *See id.* ("[I]t was incumbent upon Tews to set forth specific facts, by affidavit[.]"); *id.,* ¶ 100 ("Tews did not meet his burden of setting forth specific facts, by affidavit, demonstrating that the second amended complaint related back[.]"). As set forth above, an affidavit is not always necessary.

practice is to do so. Attorneys who fail to support or oppose a motion for summary judgment with an affidavit do so at their own peril.

¶ 84. In sum, we conclude that an examination of the pleadings reveals the following undisputed facts: The timing of the incident is undisputed, the location of the incident is undisputed, and that Tews actually suffered injuries as a result of contact with an "electrical part" is undisputed. Likewise, it is undisputed that WEPCo has offices at the same location as Wisconsin Energy, WEPCo has the same registered agent as Wisconsin Energy, and WEPCo has retained the services of the same attorney who represented We Energies and Wisconsin Energy from the outset of the case.

¶ 85. These undisputed facts raise competing reasonable inferences. One of the reasonable inferences is that the requirements of the relation-back statute are satisfied, and that Tews' second amended complaint is therefore not barred by the statute of limitations.

¶ 86. Although WEPCo made various factual assertions in its affidavit, nothing set forth in its affidavit resolves in WEPCo's favor the competing inferences raised by the undisputed facts in the pleadings. We therefore conclude that WEPCo is not entitled to summary judgment. Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.

¶ 87. ANNETTE KINGSLAND ZIEGLER, J. (*concurring in part, dissenting in part*). I concur with the majority opinion that the court of appeals erred when it concluded that WEPCo's motion raising the statute of limitations defense was not a motion for summary judgment. *See* majority op., ¶ 50. Certainly, the motion

426

could have been labeled a motion to dismiss under Wis. Stat. § 802.06(2)(a)9.[1] However, simply because WEPCo relied exclusively on the pleadings did not take the motion out of the realm of summary judgment, and as a practical matter, a successful motion for summary judgment often has the same effect as a successful motion to dismiss. The plain language of Wis. Stat. § 802.08(2) permits a motion for summary judgment to be made on the basis of the pleadings alone. I therefore join the majority opinion in that regard.

¶ 88. However, I otherwise dissent from the majority opinion because I conclude that the circuit court properly granted summary judgment to WEPCo given the state of this record. I do not question that the relation back doctrine has a proper place in the law and serves an important purpose: "to ameliorate the effect of the statute of limitations in situations where the original pleadings provided fair notice to the opposing party of the claim or defense raised." *Korkow v. Gen. Cas. Co. of Wis.*, 117 Wis. 2d 187, 196, 344 N.W.2d 108 (1984). However, the legitimacy of the relation back doctrine does not obviate the responsibility of counsel to demonstrate that the opposing party had the requisite notice. In this case, it may be that the relation back

---

[1] Wisconsin Stat. § 802.06(2)(a) provides in relevant part:

Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or 3rd-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

. . . .

9. Statute of limitations.

doctrine should be applicable such that WEPCo is a proper party; however, the simple truth is that counsel failed to demonstrate that the relation back doctrine applies. The majority circumvents counsel's burden and becomes an advocate for a position that counsel did not properly set forth. The majority departs from the unambiguous directives of Wis. Stat. § 802.08 and imposes an unreasonable burden on the circuit court to scour the pleadings for any conceivable genuine issue of material fact even though counsel neglected to properly advocate that position.

¶ 89. There is no question that Tews' injuries are severe, and I sympathize with him. Nevertheless, that sympathy cannot drive the result in this case. This case is a good example of bad facts making bad law. Accordingly, I respectfully concur in part and dissent in part.

¶ 90. Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2); *see also Konneker v. Romano*, 2010 WI 65, ¶ 22, 326 Wis. 2d 268, 785 N.W.2d 432; *Racine County v. Oracular Milwaukee, Inc.*, 2010 WI 25, ¶ 25, 323 Wis. 2d 682, 781 N.W.2d 88.

¶ 91. As previously explained, a party may move for summary judgment on the basis of the pleadings alone. Wis. Stat. § 802.08(2). Thus, while WEPCo ultimately filed an affidavit in support of its motion for summary judgment, majority op., ¶ 29, the motion and the pleadings alone were sufficient to demonstrate that the statute of limitations had run. Conversely, the party in opposition to the motion for summary judgment is not permitted to rest upon the pleadings and must, by

428

affidavit, set forth genuine issues of material fact that would preclude summary judgment:

> When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of the pleadings but the adverse party's response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial.

§ 802.08(3); *see also Oracular Milwaukee*, 323 Wis. 2d 682, ¶ 30 n.9; *Hinrichs v. Am. Family Mut. Ins. Co.*, 2001 WI App 114, ¶ 13, 244 Wis. 2d 191, 629 N.W.2d 44 ("To establish a genuine issue of material fact, the party opposing summary judgment 'may not rest upon the mere allegations or denials of the pleadings, but must file affidavits or other supporting papers based upon personal knowledge of specific evidentiary facts that are admissible.' " (quoting *Helland v. Kurtis A. Froedert Mem'l Lutheran Hosp.*, 229 Wis. 2d 751, 764, 601 N.W.2d 318 (Ct. App. 1999))); *Wis. Electric Power Co. v. Cal. Union Ins. Co.*, 142 Wis. 2d 673, 683–84, 419 N.W.2d 255 (Ct. App. 1987); 5 Edwin E. Bryant, *Wisconsin Pleading and Practice* § 38:14, at 554–55 (2004 revised ed.) ("[W]hen a motion for summary judgment has been made and properly supported, the adverse party may not rest on the allegations and denials contained in that party's pleadings, but require instead that the response set forth, by affidavits, depositions or answers to interrogatories, specific facts showing that there is a genuine issue for trial." (Internal footnotes omitted.)); 3 Jay E. Grenig, *Wisconsin Practice Series: Civil Procedure* § 208.4, at 431 (4th ed. 2010) ("If a moving party has made a prima facie case for summary judgment, the court must then examine the opposing party's affidavits to determine whether there are dis-

puted material facts or competing inferences arising from undisputed facts. Evidentiary matters in affidavits are deemed uncontroverted when competing evidentiary facts are not set forth in counteraffidavits. . . . Counteraffidavits are required from the plaintiff only if the defense has established by its affidavits those facts required to defeat the claim asserted by the plaintiff." (Internal footnotes omitted.)). "If the adverse party does not so respond, summary judgment, if appropriate, *shall* be entered against such party." § 802.08(3) (emphasis added).

¶ 92. Moreover, Wis. Stat. § 802.08 sets forth explicit time requirements for filing. Relevant to this case, the adverse party must serve its opposing affidavits at least five days before the scheduled date of the hearing on the motion for summary judgment. § 802.08(2). That five-day requirement is not only unambiguous but also deliberate. *See* Judicial Council Committee's Note, 1992, Wis. Stat. § 802.08(2) ("The prior sub. (2), allowing service of affidavits opposing summary judgment up to the date of hearing, afforded such minimal notice to the court and moving party that a plethora of local court rules resulted. Requiring such affidavits to be served at least 5 days before the hearing is intended to preclude such local rules and promote uniformity of practice." (Internal citation omitted.)); *Hefty v. Strickhouser,* 2008 WI 96, ¶ 44, 312 Wis. 2d 530, 752 N.W.2d 820.

¶ 93. Applying the facts of this case to the plain language of Wis. Stat. § 802.08, I conclude that the circuit court properly granted summary judgment to WEPCo.

¶ 94. On December 26, 2008, WEPCo moved for summary judgment on the grounds that Tews' claim was barred by the three-year statute of limitations

contained in Wis. Stat. § 893.54.[2] It is undisputed that Tews' second amended complaint was filed against WEPCo more than three years after the date of Tews' injury. Majority op., ¶ 53. Accordingly, WEPCo established a prima facie case for summary judgment. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473 (1980) ("To make a prima facie case for summary judgment, a moving defendant must show a defense which would defeat the plaintiff.").

¶ 95. In response, it was incumbent upon Tews to set forth specific facts, by affidavit, demonstrating a genuine issue that would preclude summary judgment in WEPCo's favor. *See* Wis. Stat. § 802.08(3). Because it is undisputed that Tews' second amended complaint was not filed within the applicable three-year statute of limitations, I agree with the majority that Tews' only defense was to demonstrate that the second amended complaint related back to the date of the original complaint pursuant to Wis. Stat. § 802.09(3). *See* majority op., ¶ 53. This issue and anticipated defense was not hidden or obscure but rather was quite obvious upon a reading of WEPCo's motion for summary judgment. Moreover, the relation back issue had come up in court months before WEPCo filed its motion for summary judgment, *see* majority op., ¶¶ 17–20, so it is clear that Tews was well aware of the need to properly address the doctrine's applicability.

¶ 96. Since WEPCo's motion and the pleadings made clear that the statute of limitations had run, Tews then bore the burden of demonstrating that the second amended complaint related back to the date of the

---

[2] Wisconsin Stat. § 893.54(1) provides that an action to recover damages for personal injury "shall be commenced within 3 years or be barred."

original complaint. *See Farrell v. McDonough,* 966 F.2d 279, 282–83 (7th Cir. 1992).[3] Accordingly, to defeat WEPCo's prima facie case for summary judgment, Tews

[3] Wisconsin Stat. § 802.09(3) is patterned after and substantively identical to Federal Rule of Civil Procedure 15(c). Majority op., ¶ 47; *Korkow v. Gen. Cas. Co. of Wis.,* 117 Wis. 2d 187, 193–94, 344 N.W.2d 108 (1984); *State v. One 1973 Cadillac,* 95 Wis. 2d 641, 647, 291 N.W.2d 626 (Ct. App. 1980).

Recently, when confronted with a procedural posture very similar to the case now before this court, the First Circuit Court of Appeals explained the burden-shift as follows:

> [The plaintiff] makes one final effort to save his forfeited state law argument. He starts with the uncontroversial premise that it was [the defendant's] burden, as the moving party below, to show that it was entitled to judgment as a matter of law. [The plaintiff] then posits that [the defendant's] burden obligated it to demonstrate that [the plaintiff's] claims did *not* relate back to the original complaint. Therefore, the failure to discuss Rule 15(c)(1)(A) should be held against [the defendant], not him.

> The premise of [the plaintiff's] argument is accurate enough. A motion for judgment as a matter of law "must specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). But [the defendant] satisfied its burden of showing that it was entitled to judgment as a matter of law by pointing out that, on the undisputed facts, the claims against it were filed well outside the applicable three-year limitations period. Although it is often good strategy for the moving party to anticipate and respond to the strongest counter-arguments that might be presented, as [the defendant] did for the federal relation back argument, there is no obligation to do so. Once [the defendant] "established that the time period between the plaintiff's injury and the plaintiff's complaint exceeded the limitations period set forth in the applicable statute,"

432

was required to set forth specific facts, by affidavit, showing that the elements of Wis. Stat. § 802.09(3) were met:

> (1) [T]he claim asserted in the [second] amended complaint arose out of the transaction, occurrence, or event set forth or attempted to be set forth in the original complaint; (2) within the period provided by law for commencing a claim, [WEPCo] received such notice of the institution of the action that [WEPCo] will not be prejudiced in maintaining a defense on the merits; and (3) within the period provided by law for commencing a claim, [WEPCo] knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [WEPCo].

Majority op., ¶ 72.

¶ 97. On January 13, 2009, over two weeks before the scheduled hearing date of January 29, 2009, Tews filed a brief in opposition to WEPCo's motion for summary judgment. Tews argued that the second amended complaint related back to the date of the original complaint. To show the relation back, Tews attached to its brief online print-outs from the Wisconsin Department of Financial Institutions which purportedly demonstrated WEPCo's corporate relationship with the defendants named in the original and first amended complaint. However, Tews did not attach an

---

it was [the plaintiff's] burden to "allege facts which would take his claim outside the statute."

*Coons v. Indus. Knife Co.*, 620 F.3d 38, 44 (1st Cir. 2010) (quoting *McGuinness v. Cotter*, 412 Mass. 617, 620, 591 N.E.2d 659, 661–62 (Mass. 1992)). For a similar explanation, see *Hope for Families & Community Service, Inc. v. Warren*, No. 3:06–CV–1113–WKW[WO], 2010 U.S. Dist. LEXIS 66873, at *279–80 n.105 (M.D. Ala. Jun. 30, 2010).

affidavit to authenticate these documents as required by Wis. Stat. § 802.08(3), and Tews did not timely file any other affidavit so as to properly raise genuine issues of material fact or show that the relation back doctrine answered the call.

¶ 98. Because the hearing on WEPCo's motion for summary judgment was scheduled for January 29, 2009, Tews was obligated to serve any opposing affidavits by January 22, 2009, five business days before the date of the hearing. *See* Wis. Stat. § 802.08(2). It is undisputed that Tews did not serve his affidavit authenticating the above-mentioned documents until January 23, 2009, four business days before the date of the hearing. Because Tews failed to comply with the unambiguous five-day requirement of § 802.08(2), the circuit court properly disregarded Tews' untimely affidavit. We ought not second-guess that discretionary determination of the circuit court.

¶ 99. Accordingly, the circuit court was left to consider WEPCo's prima facie case for summary judgment and in response, only Tews' bare argument that the second amended complaint related back to the date of the original complaint. For Tews' argument to be successful, however, he could not rest upon mere allegations that the second amended complaint related back; instead, he was required to set forth specific facts, by affidavit, demonstrating that the second amended complaint related back. *See* Wis. Stat. § 802.08(3). Because Tews failed to comply with the unambiguous directives of § 802.08(3), the circuit court properly entered summary judgment against him.[4] *See id.* ("If

---

[4] I also conclude that the circuit court appropriately exercised its discretion in denying Tews' motion for reconsideration. As the basis for his motion, Tews argued that WEPCo's motion

the adverse party does not so respond, summary judgment, if appropriate, *shall* be entered against such party." (Emphasis added.)).

was "a motion to dismiss in disguise," and alternatively, that Tews' failure to serve his opposing affidavit at least five business days before the hearing was the result of excusable neglect pursuant to Wis. Stat. § 801.15(2)(a). Majority op., ¶ 37 n.13. Both arguments are without merit.

First, Tews cannot credibly argue that he was not put on notice of the motion's classification as one for summary judgment. WEPCo filed a "Notice of Motion and Motion for Summary Judgment" and framed its supporting brief in terms of Wis. Stat. § 802.08. Indeed, Tews titled his opposition brief "Plaintiff's Brief in Opposition to Defendant Wisconsin Electric Power Company's Motion for Summary Judgment." Thus, it appears that any misunderstanding Tews had was not caused by the motion's classification. Rather, Tews' objection lies with his own misreading of § 802.08.

Second, Tews' failure to serve his opposing affidavit at least five business days before the hearing was the result of plain neglect, not excusable neglect. Excusable neglect is defined as " 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' It is 'not synonymous with neglect, carelessness or inattentiveness.' " *Hedtcke v. Sentry Ins. Co.,* 109 Wis. 2d 461, 468, 326 N.W.2d 727 (1982) (quoting *Giese v. Giese,* 43 Wis. 2d 456, 461, 168 N.W.2d 832 (1969)). WEPCo filed its motion for summary judgment on December 26, 2008, over one month before the scheduled hearing date of January 29, 2009. Tews then filed his response brief on January 13, 2009, over two weeks before the hearing. Pursuant to the plain language of Wis. Stat. § 802.08(2), Tews had up until January 22, 2009, five business days before the hearing, to serve his opposing affidavits. Tews offered no credible explanation as to why he let nearly a month pass from the time of WEPCo's notice of motion for summary judgment before he finally served his affidavit on January 23, 2009. The doctrine of excusable neglect cannot rescue counsel from his own carelessness.

¶ 100. Notwithstanding such a straight-forward application of the plain language of Wis. Stat. § 802.08, the majority concludes that WEPCo is not entitled to summary judgment. Majority op., ¶ 7. The majority arrives at its conclusion by shifting the burden from Tews to the circuit court. In my opinion, the majority errs by imposing a burden on the circuit court to become an advocate instead of placing the burden of advocating their respective positions squarely upon the litigants. Tews did not meet his burden of setting forth specific facts, by affidavit, demonstrating that the second amended complaint related back to the date of the original complaint pursuant to Wis. Stat. § 802.09(3).

¶ 101. Case law demonstrates that for purposes of satisfying the relation back doctrine, the plaintiff must set forth specific evidence demonstrating that the subsequently named defendant had the requisite notice of the claim, *even if* that defendant has some type of a corporate relationship with the previously named defendant. *See Hernandez Jimenez v. Calero Toledo,* 604 F.2d 99 (1st Cir. 1979) (affirming the district court's order granting summary judgment to the defendants because the plaintiff's affidavit failed to show that the requirements of Federal Rule of Civil Procedure 15(c) had been met); *Mosely v. Bd. of Educ. of Chi.,* No. 03–C–4915, 2009 U.S. Dist. LEXIS 70030, *2–5 (N.D. Ill. Aug. 5, 2009) (granting the defendants' motion for summary judgment because the plaintiff merely contended that the defendants had notice of the original action but failed to produce any evidence of prior notice); *Quality Inns Int'l, Inc. v. Tampa Motel Assocs., Ltd.,* 154 F.R.D. 283, 289 (M.D. Fla. 1994) (denying the defendant's motion for summary judgment because the plaintiff demonstrated by affidavit that the defendant knew or should have known that but for a mistake it

would have been named in the original suit); *Jones v. Coleman Co.,* No. 92–C–3053, 1993 U.S. Dist. LEXIS 496, *10–14 (N.D. Ill. Jan. 21, 1993) (granting the Coleman Company's motion for summary judgment in part because the plaintiff failed to demonstrate that Coleman and Coleman Powermate were substantially identical entities such that the latter received sufficient notice of the claim under Rule 15(c)).[5]

¶ 102. Instead of holding Tews to his obligation, the majority takes it upon itself, and in turn, upon the circuit court, to scour the pleadings to detect any conceivable facts that permit an inference that the elements of Wis. Stat. § 802.09(3) were met. Majority op., ¶¶ 56–60. In particular, the majority's effort to scour the pleadings resulted in the majority making the inference that WEPCo received notice of Tews' claim within the three-year statute of limitations such that WEPCo would not be prejudiced in maintaining a defense. *See id.,* ¶ 74. To arrive at such an inference, the majority relies on the answers of the other entities, WE Energies and Wisconsin Energy. *See id.,* ¶¶ 58–59, 75. In doing so, the majority necessarily and improperly holds WEPCo to the answers of separate entities.

---

[5] The majority relies significantly on the United States Supreme Court's recent decision in *Krupski v. Costa Crociere,* 130 S.Ct. 2485 (2010), positing that the facts in *Krupski* are "indistinguishable from the facts before us today." Majority op., ¶ 64. To the contrary, in *Krupski,* there was no dispute as to whether the subsequently named defendant had received sufficient notice of the action within the applicable time period such that the defendant would not be prejudiced in maintaining a defense on the merits. Indeed, the district court made a specific finding that the subsequently named defendant had notice of the complaint within the time period set forth by Federal Rule of Civil Procedure 4(m), and the defendant did not challenge that finding. *Id.* at 2492, 2497.

¶ 103. The majority implies that the circuit court should have likewise scoured the pleadings, even though this court should be applying the same standards as those used by the circuit court. *See Oracular Milwaukee,* 323 Wis. 2d 682, ¶ 24 (When reviewing a circuit court's order granting or denying a motion for summary judgment, "[w]e apply the same standards as those used by the circuit court."). Circuit courts are called upon to decide motions for summary judgment on a daily basis. I refuse to impose the role of advocate upon the circuit court when genuine issues of material fact were not properly set forth by the parties.

¶ 104. For the foregoing reasons, I respectfully concur in part and dissent in part.

¶ 105. I am authorized to state that Justices N. PATRICK CROOKS and MICHAEL J. GABLEMAN join this concurrence/dissent.