NORTH TWIN BUILDERS, LLC,
Plaintiff-Respondent,

v.

TOWN OF PHELPS,
Defendant-Appellant.

Court of Appeals

*No. 2009AP3036. Submitted on briefs December 14, 2010.
—Decided May 3, 2011.*

2011 WI App 77

(Also reported in 800 N.W.2d 1.)

148

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Richard W. Zalewski* and *Michael J. Roman* of *Zalewski, Klinner & Kramer, LLP*, Wausau.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sven W. Strutz* and *Keith K. Kost* of *Eckert–Kost, LLP*, Rhinelander.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. The Town of Phelps appeals a summary judgment awarding North Twin Builders, LLC, compensatory damages for the Town's violation of WIS. STAT. § 60.47, which governs public contracts and competitive bidding for towns.[1] The Town asserts North Twin Builders is not entitled to recover the costs

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

of preparing its unsuccessful bid because it did not first obtain injunctive relief. We conclude that a disappointed bidder may recover bid preparation expenses for a violation of the competitive bidding statute regardless of whether it has sought injunctive relief. Accordingly, we affirm.

## BACKGROUND

¶ 2. In January 2008, the Town determined its town hall needed repairs. The Town published notices seeking bids for the project on April 2 and April 9, 2008. Bids were to be submitted to the town clerk no later than 5 p.m. on April 14, 2008. There is no dispute that the timing of the notices violated Wis. Stat. § 60.47(2)(b).[2]

¶ 3. During the notice period, the Town repeatedly changed the scope of the project, including alterations to the heating, ventilating, and air conditioning system, the support structures underneath the library, and a front concrete stairway. The Town's engineering firm sent updated specifications to some interested bidders, but not others. North Twin Builders, one interested bidder, received the final specification changes on Saturday, April 12, two days before bids were due. John Volkmann, North Twin Builders' owner, attempted to incorporate the changes into his company's bid on Monday, April 14,

---

[2] WISCONSIN STAT. § 60.47(2)(b) states that a town may not enter into a public contract with a value of more than $25,000 unless a town official "advertises for proposals to perform the terms of the public contract by publishing a class 2 notice under ch. 985." WISCONSIN STAT. § 985.07(2), in turn, states that all notices "designated as class 2 notices require 2 insertions." "Insertion" means "once each week for consecutive weeks, the last of which *shall be at least one week before the act or event,* unless otherwise specified by law." WIS. STAT. § 985.01(1m) (emphasis added).

but could not obtain a cost estimate for stairway railings on such short notice. Accordingly, North Twin Builders' bid did not include alterations to the concrete stairway.

¶ 4. The Town received three bids for the project. Bids submitted by North Twin Builders and another bidder were rejected as incomplete. At an April 21 meeting, the town board awarded the project to the only remaining bidder, Superior Design & Construction. The Town and Superior Design signed a contract the same day. Work on the town hall started within a week.[3]

¶ 5. Volkmann did not learn that his company's bid had been rejected until April 23. In an effort to gather additional information about his company's failed bid, Volkmann attended town board meetings, filed public record requests, and asked the board to review its decision. North Twin Builders ultimately filed suit on June 10, 2008, seeking injunctive relief to prevent further work on the town hall, and damages equal to the costs of preparing the failed bid.

¶ 6. On June 17, 2008, North Twin Builders filed a motion for a temporary injunction. Before conducting a motion hearing, the circuit court held a telephone conference with the parties, during which the Town represented that the town hall project was significantly underway and nearing completion.[4] Counsel for North Twin Builders "essentially acknowledged that status and informally withdrew the request for [a] restraining order . . . ." Nonetheless, the court observed that the project had an unusually "tight window of completion from the time that the bid was let," and indicated that

---

[3] The Town was apparently attempting to complete the town hall project before the summer tourist season began.

[4] No transcript of the telephone conference was made. The circuit court later made a record of the discussion.

it would have granted an ex parte restraining order if the contract had not yet been let by the Town, or if Superior Design had not yet begun performance.

¶ 7. The Town filed a motion to dismiss and, later, a motion for summary judgment. In both motions, the Town asserted that under controlling case law, a disappointed bidder must obtain injunctive relief to halt a public project before it can recover the cost of preparing its unsuccessful bid.

¶ 8. The circuit court denied both motions. It concluded that existing case law had not yet determined whether an unsuccessful bidder could recover bid preparation expenses without first obtaining injunctive relief. The court then concluded that, for violations of the competitive bidding statute, the public interest is served by allowing an unsuccessful bidder to recover the costs of preparing its bid:

> [W]hat is really most important, is making certain that municipalities and other entities follow [the competitive bidding statute] correctly. And therefore [recovery of bid preparation expenses] should not turn on whether . . . injunctive relief is granted . . . . [Costs of preparation] should be available to an unsuccessful bidder who is essentially acting as an advocate in the public interest to enforce those laws.
>
> . . . .
>
> [The public benefits from the] elimination of fraud and collusion certainly, and most importantly . . . the public has some assurance that it's receiving the best work and materials at the most reasonable price.

A contrary rule, the court noted, would work particular injustice in a case like this, where "a contract of relatively moderate amount . . . was let with the under-

standing that the construction would commence and complete in a very brief time period."

¶ 9. The parties then stipulated to the amount of damages—$3,000—and the court entered judgment for North Twin Builders. The Town appeals the denial of its summary judgment motion.

## DISCUSSION

¶ 10. We review a grant of summary judgment de novo. *See Tews v. NHI, LLC*, 2010 WI 137, ¶ 40, 330 Wis. 2d 389, 793 N.W.2d 860. Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Here, the parties agree there are no genuine issues of material fact; the sole question is whether North Twin Builders was entitled to judgment as a matter of law.

¶ 11. This appeal presents a single issue: whether North Twin Builders, as a disappointed bidder, must first obtain injunctive relief for procedural violations of the competitive bidding statute before pursuing as damages the costs of preparing its failed bid. The Town, noting that North Twin Builders withdrew its injunction request, contends three cases establish such a requirement: *Aqua-Tech, Inc. v. Como Lake Protection & Rehabilitation District*, 71 Wis. 2d 541, 239 N.W.2d 25 (1976); *D.M.K., Inc. v. Town of Pittsfield*, 2006 WI App 40, 290 Wis. 2d 474, 711 N.W.2d 672; and *PRN Associates LLC v. DOA*, 2009 WI 53, 317 Wis. 2d 656, 766 N.W.2d 559.

¶ 12. Our supreme court first discussed a disappointed bidder's available remedies in *Aqua-Tech*. In that case, Aqua-Tech, the disappointed bidder, obtained

an ex parte injunction preventing the Como Lake district from awarding a contract to the successful bidder. *Aqua-Tech,* 71 Wis. 2d at 545. The circuit court denied Aqua-Tech's request for a temporary injunction, and Aqua-Tech immediately appealed and obtained a stay of the court's order vacating the ex parte injunction. *Id.*

¶ 13. The district urged our supreme court to affirm, arguing Aqua-Tech had no remedy for the alleged statutory violation. *Id.* at 549. Our supreme court held that a public bidding authority cannot be compelled to award the contract to the lowest bidder. *Id.* at 549–50. Nor can a disappointed bidder recover lost profits. *Id.* at 553–54. However, the court declined to entirely shield the competitive bidding process from judicial review. *Id.* at 550–51. A disappointed bidder may pursue, as an ultimate form of relief, a permanent injunction prohibiting the contract from being awarded to another party.[5] *Id.* at 551–52. If successful in its claim for injunctive relief, the court held that Aqua-Tech could also "recover as damages its reasonable and necessary expenditures in preparing its bid, plus the costs of obtaining the bonds required by the specifications . . . ." *Id.* at 553–54.

¶ 14. We do not read *Aqua-Tech* as tying the recovery of bid preparation costs to the successful pursuit of injunctive relief. Aqua-Tech obtained an ex parte injunction and a stay of the circuit court order vacating that injunction. Accordingly, there was no need for our supreme court to determine whether Aqua-Tech could recover bid preparation expenses

---

[5] An enjoined municipality may then choose to either award the contract to the disappointed bidder or call for new bids. *Aqua-Tech, Inc. v. Como Lake Prot. & Rehab. Dist.,* 71 Wis. 2d 541, 552, 239 N.W.2d 25 (1976).

without first obtaining injunctive relief. In addition, the court's opinion does not suggest that Aqua-Tech brought an independent claim for bid preparation costs; the court merely permitted Aqua-Tech to recover those costs as a component of its claim for a permanent injunction. *Aqua-Tech* establishes that a disappointed bidder may recover its bid preparation costs, but does not answer the question presented in this appeal.

¶ 15. The Town argues that any ambiguity in *Aqua-Tech* regarding the need for injunctive relief was eliminated by *D.M.K.* In that case, D.M.K., the disappointed bidder, sought damages for lost profits. *D.M.K.*, 290 Wis. 2d 474, ¶ 9. Although acknowledging *Aqua-Tech*'s holding, D.M.K. asserted our supreme court barred lost profits only because Aqua-Tech did not seek that form of relief. We rejected D.M.K's argument, holding that *Aqua-Tech* "reflects a consideration of the public policy rationale underlying the competitive bidding statutes." *D.M.K.*, 290 Wis. 2d 474, ¶ 26.

¶ 16. *D.M.K.* does not establish that a disappointed bidder must obtain injunctive relief before recovering its bid preparation costs. Instead, our decision focused on D.M.K.'s claim for lost profits:

> By not seeking an injunction, D.M.K. has allowed the disputed projects to go forward with other contractors and sought to recover its purported losses with a lawsuit seeking damages. If D.M.K. were successful in that scenario, the Town and its taxpayers would pay D.M.K.'s $216,000 in lost profits *in addition* to the contract price paid to the contractor who performed the work. On its face, this result fails to benefit or protect the public.

*Id.* We concluded that D.M.K. could recoup lost profits only by obtaining an injunction, in which case the municipality could either relet the contract or award it

155

to D.M.K. *Id.*, ¶ 27. Our only mention of bid preparation expenses merely echoed the ambiguous language of *Aqua-Tech. Id.*

¶ 17. The final case on which the Town relies, *PRN Associates*, is also not on point. There, Prism, the disappointed bidder on a university project, sought supreme court review of a decision dismissing as moot its petition for judicial review of an administrative decision. *PRN Assocs.*, 317 Wis. 2d 656, ¶ 28. To determine whether Prism's petition was moot, our supreme court examined the two remedies Prism sought: "money damages for 'the value of its winning proposal' . . . [and] award of the contract." *Id.*, ¶ 31.

¶ 18. *PRN Associates'* discussion of available remedies does not establish that a disappointed bidder must receive injunctive relief before recovering its bid preparation costs. Following the rationale of *Aqua-Tech* and *D.M.K.*, the court rejected Prism's claim for lost profits, concluding, "Taxpayers are not protected when any governmental body pays twice for the performance of one contract . . . ." *Id.*, ¶ 38. The court also concluded Prism could not be awarded the contract because the contract had been fully performed by the successful bidder: "It makes no sense to award a contract for building a project which has already been completed." *Id.*, ¶ 40. To preserve its interest in the contract, the court observed that Prism should have sought an injunction. *Id.*, ¶ 48. However, at no point did the court condition recovery of bid preparation expenses on the successful pursuit of an injunction.

■

¶ 19. Having concluded that existing case law does not foreclose recovery of bid preparation expenses in the absence of an injunction, we must determine whether such relief is consistent with the public policy

underlying the competitive bidding statute. "Statutory bidding requirements are designed to prevent fraud, collusion, favoritism and improvidence in the administration of public business, as well as to insure that the public receives the best work or supplies at the most reasonable price practicable." *Aqua-Tech*, 71 Wis. 2d at 550. As the circuit court recognized, the statute is designed not for the benefit of individual bidders, but for the benefit of the public. *Id.*; *D.M.K.*, 290 Wis. 2d 474, ¶ 26. Citing the statute's public purpose, our supreme court has concluded that a public bidding authority's exercise of discretion must be subject to judicial review. *Aqua-Tech*, 71 Wis. 2d at 550–51.

██

¶ 20. Accepting the rule proposed by the Town would foreclose judicial review in a case, like this one, where the municipality violates the competitive bidding statute but quickly signs a contract and directs the successful bidder to begin performance. Generally, injunctive relief becomes unavailable when a public contract is actually awarded to a bidder. *PRN Assocs.*, 317 Wis. 2d 656, ¶ 39. In recognition of the potential harshness caused by this rule, "an injunction may still be permissible before performance of the contract begins." *D.M.K.*, 290 Wis. 2d 474, ¶ 27 n.6. As the circuit court noted, this case presents a novel situation in which a disappointed bidder moved quickly to preserve its remedies but nonetheless failed to obtain an injunction before performance began.[6] The public interest is not served by allowing municipalities to circumvent the

---

[6] Bidders must "zealously protect" their interest in a public contract. *Aqua-Tech*, 71 Wis. 2d at 553. The bidder, who has expended time and money in preparing its bid, "is in a particularly good position to challenge the bidding authority's action and thereby protect the rights of the public." *Id.* As such,

competitive bidding statute by rapidly signing a contract and directing the start of performance.

¶ 21. Accordingly, the circuit court correctly determined that the public interest is served by allowing disappointed bidders to recover expenses for preparing their failed bids even in the absence of injunctive relief. Allowing recovery of such costs is not synonymous with requiring the public bidding authority to "pay[] twice for the performance of one contract . . . ." *See PRN Assocs.*, 317 Wis. 2d 656, ¶ 38. Instead, it is a limited remedy that encourages bidders to fulfill their role as advocates for the public interest. Allowing such damages also encourages public bidding authorities to fully comply with statutory bidding requirements.

*By the Court.*—Judgment affirmed.

nothing in this opinion should be read as allowing a disappointed bidder to unreasonably delay seeking relief. As Wisconsin courts have repeatedly emphasized, a disappointed bidder must move quickly to preserve its interest in a public contract. *See PRN Assocs. LLC v. DOA*, 2009 WI 53, ¶¶ 42–43, 317 Wis. 2d 656, 766 N.W.2d 559; *D.M.K., Inc. v. Town of Pittsfield*, 2006 WI App 40, ¶¶ 26–27, 290 Wis. 2d 474, 711 N.W.2d 672; *Aqua-Tech*, 71 Wis. 2d at 552. In this case, the circuit court found "that [North Twin Builders] acted with reasonable dispatch in seeking relief." The circuit court further observed that "under the circumstances it would be unlikely for any member of the public to . . . fully appreciate, discover, and prosecute a violation of the bid laws to any significantly faster degree than [North Twin Builders] did here."