COURT OF APPEALS
DECISION
DATED AND FILED

September 9, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP746**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV25

IN COURT OF APPEALS
DISTRICT III

GERALD HAUGEN,

   PLAINTIFF-APPELLANT,

V.

NORTHERN STATE BANK AND OWNERS INSURANCE COMPANY,
P/K/A AUTO-OWNERS LIFE INSURANCE COMPANY,

   DEFENDANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Ashland County: PATRICK J. MADDEN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Gerald Haugen appeals from a summary judgment dismissing his action against Northern State Bank and its insurer, Owners Insurance Company (collectively, "the Bank"), for injuries allegedly caused by a defective floor in the Bank's hallway.  The circuit court concluded that the statute of repose in WIS. STAT. § 893.89 (2017-18)[1] barred Haugen's claims.  We affirm.

## BACKGROUND

¶2      Haugen asked to use the restroom while he was a customer at the Bank, and a Bank employee directed him down a carpeted hallway that joined the original bank building to an adjacent building purchased by the Bank in 1972. The main floor of the acquired building was several inches higher than the main floor of the original bank building, and, therefore, the hallway connecting the buildings had a slight incline of 4 and 1/8 inches over a distance of 21 inches.  The president and chief executive officer of the Bank provided an affidavit in support of summary judgment averring that neither the configuration nor the incline of the hallway had been altered during his twenty-four-year employment with the Bank.

¶3      Haugen stumbled while ascending the hallway, and he fell into the wall, allegedly injuring his shoulder.[2]  Haugen stated in his deposition that he "[w]ent down the hallway and I stumbled on that."  He also stated, "I stumbled on that bump."  Less than one year prior to Haugen's injury, the Bank had installed new carpeting in the hallway.  Haugen stated in his deposition, however, that the carpeting did not cause him to stumble.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] Haugen testified at his deposition that he did not fall to the floor when he stumbled.

¶4 Haugen commenced an action alleging common law negligence and a violation of Wisconsin's safe place statute, WIS. STAT. § 101.11. The Bank moved for summary judgment based on WIS. STAT. § 893.89, which is Wisconsin's statute of repose that bars any claims resulting from injuries caused by structural defects beginning ten years after a structure is substantially completed. The circuit court granted the motion for summary judgment, and Haugen now appeals.

## DISCUSSION

¶5 The principles of summary judgment are well known. Our review of summary judgment is independent. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315-17, 401 N.W.2d 816 (1987). Summary judgment is granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). The moving party has the burden of establishing the absence of a genuine issue of material fact. *AccuWeb, Inc. v. Foley & Lardner*, 2008 WI 24, ¶21, 308 Wis. 2d 258, 746 N.W.2d 447. We examine the summary judgment record considering the facts in the light most favorable to the party opposing summary judgment. *Id.*

¶6 The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, a factual issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. Importantly, once the moving party has made a prima facie case for summary judgment, a party opposing summary judgment may not rest on the mere allegations in the complaint to prevent summary judgment

because the complaint is not evidence. *See Tews v. NHI, LLC*, 2010 WI 137, ¶82, 330 Wis. 2d 389, 793 N.W.2d 860.

¶7    In Haugen's brief opposing the Bank's motion for summary judgment, he conceded that the statute of repose bars claims arising out of structural defects more than ten years old, including his claims for negligent construction of the hallway ramp where he fell into the wall. Haugen argued, however, that pursuant to WIS. STAT. § 893.89(4)(c), the statute of repose does not protect "[a]n owner or occupier of real property for damages resulting from negligence in the maintenance, operation or inspection of an improvement to real property." Haugen then asserted—both below and again in this appeal—that his claims against the Bank are of this nature.

¶8    In this regard, Haugen points to the allegations in his complaint that he sought damages for the Bank's alleged "negligent failures to maintain the premises, furnish and use safety devices and safeguards, and adopt and use methods and processes reasonably adequate to render such premises safe." Haugen then argues that genuine issues of fact precluding summary judgment "include whether the incline was marked and how [the Bank] did or did not maintain the area where [Haugen] fell."

¶9    Haugen's arguments—like the mere allegations in his complaint—do not provide evidentiary facts sufficient to oppose summary judgment. *See Preloznik v. City of Madison*, 113 Wis. 2d 112, 119, 334 N.W.2d 580 (Ct. App. 1983). When a matter is before the circuit court on summary judgment, the question presented is an evidentiary one, which requires the presentation of evidentiary facts by affidavit or other proof. *See* WIS. STAT. § 802.08(2).

¶10      Alluding to the Bank's answers to interrogatories and production of documents, as well as a letter from the City of Ashland, Haugen insists that he produced evidence of the Bank's negligence, including its

> undisputed and complete lack of any inspection whatsoever, its failure to mark or otherwise identify the change in elevation for its customers who were being sent down the hallway in order to use the restrooms, its installation of nondescript carpeting, and its failure to institute (let alone maintain) any policies or procedures whatsoever for making sure its business premises are safe.

¶11      In order to survive summary judgment, however, Haugen had the burden to produce evidence creating a factual basis for the inference that it was a lack of maintenance, a lack of inspection, or a failure to mark the incline that caused his fall. He failed to do so. In fact, Haugen concedes in his reply brief that there "are no liability experts to tell us what caused [Haugen's] fall." And as mentioned previously, Haugen himself testified at his deposition that his stumble was caused by the "bump" in the floor and that the carpet did not cause him to stumble. A party opposing summary judgment must do more than simply assert a failure to warn or maintain. The party must present evidence sufficient to entitle it to a trial. Quite simply, Haugen failed to back up his argument and the allegations in his complaint with evidence sufficient to raise a genuine issue of material fact that must be tried.

¶12      Our conclusion is consistent with prior cases applying the statute of repose in WIS. STAT. § 893.89. In *Mair v. Trollhaugen Ski Resort*, 2006 WI 61, ¶25, 291 Wis. 2d 132, 715 N.W.2d 598, our supreme court rejected the plaintiff's argument that the failure to modify a restroom floor drain in a ski resort to comply with modern safety standards created an unsafe condition associated with the structure. The court noted that the plaintiff also argued that the bathroom lighting,

the color of the bathroom walls or floor, or the lack of warning signs or markers may have caused her injury. *Id.*, ¶26. The court held, "Although defects in the lighting or paint color or a lack of warning signs could be considered unsafe conditions associated with the structure, Mair did not present evidence sufficient to escape summary judgment that such a condition contributed to her fall." *Id.*

¶13 A subsequent case involved a customer leaving an office building when she fell and broke her foot while negotiating a step three inches in height. *See Rosario v. Acuity & Oliver Adjustment Co.*, 2007 WI App 194, ¶2, 304 Wis. 2d 713, 738 N.W.2d 608. Rosario claimed the owner was negligent in failing to properly maintain and warn visitors of the condition of the premises. *Id.*, ¶3. Alternatively, she alleged a violation of the safe place statute. *Id.* She argued the step was maintained in an unsafe manner because the owner failed to mark the step, leaving her without "proper visual clues" by which she could judge the height of the step and thus prevent her fall. *Id.*, ¶5. This court held that Rosario's claim "most assuredly relates to the failure to design and construct a safe part of the Oliver property." *Id.*, ¶19. In rejecting Rosario's alternative claim that a lack of markings or signs warning of the irregular step caused her fall, we concluded that the statute of repose barred the claims and "[t]here is no basis to attribute causation to any lack of warning." *Id.*, ¶27.

¶14 Similarly, there is no evidentiary basis in the present case to attribute causation of Haugen's stumble to any lack of warning or failure to maintain the hallway incline. Haugen did not present sufficient evidence that such failures contributed to his fall in order to escape summary judgment. The allegedly defective condition in the present case is essentially a structural design issue,

rendering the claims barred by the statute of repose. Accordingly, the circuit court properly granted the Bank summary judgment.[3]

> *By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] In its brief to this court, the Bank requests costs. The Bank is entitled to recover costs pursuant to WIS. STAT. RULE 809.25(1)(a)1.